## RANDOLPH GROCERY CO. v. LAMBORN et al.

(Circuit Court of Appeals, Fourth Circuit. December 20, 1924.)

No. 2292.

1. Sales ⬅55—Law of state where contract is to be performed governs measure of damages for breach.

Where a contract of sale between parties in different states was to be performed in one of the states, the law of that state governs as to the measure of damages for its breach.

2. Sales ⬅334—Resale of sugar on refusal of buyer to accept it held without unreasonable delay.

A resale of sugar for account of the buyer, who had contracted for its purchase, but refused to accept delivery, held within a reasonable time.

In Error to the District Court of the United States for the Western District of North Carolina, at Greensboro; James E. Boyd and Edwin Y. Webb, Judges.

Action at law by A. H. Lamborn and others, trading as Lamborn & Co., against the Randolph Grocery Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

S. S. Alderman, of Greensboro, N. C. (W. P. Bynum and F. P. Hobgood, Jr., both of Greensboro, N. C., and H. M. Robins, of Ashboro, N. C., on the brief), for plaintiff in error.

John M. Robinson, of Charlotte, N. C. (Hitch, Denmark & Lovett, of Savannah, Ga., and Cansler & Cansler, of Charlotte, N. C., on the brief), for defendants in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The defendants in error, trading as Lamborn & Co., were plaintiffs below, and the plaintiff in error was the defendant. It will tend to clearness if they be designated by the positions they occupied in the trial court.

The plaintiffs sued to recover upon a contract dated June 4, 1920, by which they sold to the defendant and the defendant bought from them 85 barrels of standard fine granulated sugar on the basis of 26 cents per pound, f. o. b. Savannah Refinery, Port Wentworth, Ga. The defendant accepted 28 barrels, but declined to take the balance, and the only question now open in the case is as to the measure of damages applied by the court below in determining the amount for which it directed a verdict for the plaintiffs.

[1, 2] The wording of the contract in the instant case was identical with that sued on in Bell v. Lamborn, 2 F.(2d) 205, decided by this court at the October term, 1924, in all matters legally material to the questions to be here passed upon. We then held that, as the place of performance was Port Wentworth, Ga., the measure of damages upon the breach was that prescribed by the law of Georgia, even if it be assumed that there was any difference between the applicable law of that state and that of North Carolina upon which point we intimate no opinion. It is unnecessary to repeat what we have said in the earlier case, which answers a number of the contentions so ably made by the learned counsel of the defendant; but, of course, the question whether there was unreasonable delay of the plaintiffs in reselling depends upon the particular facts of this case. One-half of the sugar as to which this controversy arose was to be delivered in August or September, and the other half in September or October, the plaintiffs hav-

ing the option of shipping during the periods mentioned; that is to say, they were not bound by the contract to ship any of it before September 30.

Plaintiffs on the 18th of August called on defendant for shipping instructions for the portion of the sugar which they had the right to deliver in that month. On the 19th, defendant wired: "Not in position to take care of sugar. Letter of explanation follows." On the same day it wrote, confirming the telegram and said that it was then selling sugar at a loss of 3 cents a pound and that it had one-half of that already received under the contract on hand, that it would probably lose much more before it disposed of the remainder, and concluded by saying: "Now the point we are getting at is we do not have the money to take care of the other shipments, nor can we obtain it under present conditions so you can see if you should succeed in forcing this lot on us, you would do us irreparable damage and at the same time, do yourselves no good. With this statement of facts, we leave the matter with you and regret the incident."

On the 26th of August the plaintiffs again called for shipping instructions and on the 27th defendant wired that "we cannot and will not accept further shipments of sugar." That was the last communication that the defendant ever made to the plaintiffs. The latter on the 18th, 23d, and 27th of September, by letters and telegrams, repeated their demand for shipping instructions and by the last, gave the defendant notice that in default of receiving such instructions, the sugar would be resold for defendant's account and at its risk. On the 22d of October, the plaintiffs wired the defendant that they had obtained an offer of 11 cents a pound for the sugar, less the usual 2 per cent. discount, and askd for a better offer. The plaintiff did not reply and on the 23d of October, the offer was accepted and the sugar sold. The plaintiffs might have accepted the action of the defendant as an anticipatory breach. They were not bound to do so. Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953.

Under the uncontradicted evidence in the case and in view of the conditions then prevailing in the sugar market, there is no ground to complain that there was any unreasonable delay in making the resale. The evidence shows that it was in fact made for the best price obtainable. The record discloses no error and the judgment must be Affirmed.