John E. Garner, of Springfield, Tenn., and John W. Hilldrop, of Nashville, Tenn., for plaintiffs in error.

A. V. McLane, U. S. Atty., and Howard Shofner, Asst. U. S. Atty., both of Nashville, Tenn.

PER CURIAM. Judgment of the District Court affirmed.

---

**In the Matter of Ruth HAMILTON, Bankrupt; Samuel H. Draisin, Petitioner-Appellant.**

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

No. 51.

Petition to Revise Order of and Appeal from the District Court of the United States for the Southern District of New York.

Appeal from and petition to revise an order in bankruptcy entered in the District Court for the Southern District of New York.

May & Jacobson, of New York City, for petitioner and appellant.

George O. Arkin, of New York City, opposed.

Before HOUGH, MANTON, and MACK, Circuit Judges.

PER CURIAM. Appeal dismissed, and, under petition to revise, order affirmed, with one bill of costs.

---

2

**In the Matter of Ruth HAMILTON, Bankrupt; Samuel H. Draisin, as Trustee, etc., Petitioner-Appellant.**

(Circuit Court of Appeals, Second Circuit. November 19, 1926.)

No. 71.

Petition to Revise Order of and Appeal from the District Court of the United States for the Southern District of New York.

May & Jacobson, of New York City (Isaac N. Jacobson, of New York City, of counsel), for petitioner.

George O. Arkin, of New York City, for trustee in bankruptcy.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. Review in this matter having been sought before the effective date (August 27, 1926) of the recent statute amendatory of the Bankruptcy Act, the only proper method of review was by petition to revise; therefore the appeal is dismissed.

Under the petition to revise we can only consider errors of law. That Draisin fell into contempt of court by refusing to obey a lawful order of the court is now admitted, and it is also admitted that for that contempt he could be fined for the benefit of the opposite party (the trustee) in a sum that would reasonably compensate the person to be paid for the trouble and expense (including council fees) to which he had been put by Draisin's conduct.

What is reasonable compensation under such circumstances is obviously a question of discretion; i. e., of judgment. We are quite unable to perceive that any error of law was committed in fixing the amount of the fine, and that disposes of this case.

Order affirmed, with costs.

---

3

**HARRISON WHOLESALE COMPANY, Plaintiff in Error, v. Arthur H. LAMBORN, Gerard P. Tameling, Chas. V. Riggs, Henry B. Hutchings, Clarence G. Troup, Karl E. Lingren, Geo. H. Logan, Victor R. Hess, N. Nelson Keen, B. Wheeler Dyer, and William V. Wood, All Copartners Doing Business under the Firm Name and Style of Lamborn & Co., Defendants in Error.**

(Circuit Court of Appeals, Fourth Circuit. November 23, 1926.)

No. 2518.

In Error to the District Court of the United States for the Eastern District of North Carolina, at Washington; Isaac M. Meekins, Judge.

A. D. MacLean, of Washington, N. C. (Stephen C. Bragaw, of Washington, N. C., on the brief), for plaintiff in error.

H. G. Connor, Jr., of Wilson, N. C. (Hitch, Denmark & Lovett, of Savannah, Ga., on the brief), for defendants in error.

Before WADDILL and ROSE, Circuit Judges.

PER CURIAM. Upon authority of Bell v. Lamborn (C. C. A.) 2 F.(2d) 205, Angelo v. Lamborn (C. C. A.) 2 F.(2d) 854, and Randolph Grocery Co. v. Lamborn (C. C. A.) 3 F.(2d) 139, affirmed.