Error.

---

### C. E. BENNETT v. J. L. POWERS.

(Filed 24 November, 1926.)

**Evidence—Nonsuit—Statutes—Master and Servant—Employer and Employee—Safe Place to Work.**

Where an independent contractor has furnished his employee a safe place to go to and from his work for the installation of a steam-heating plant of a building, and without the knowledge of the contractor, the

employee on one occasion has voluntarily chosen an unsafe way to leave the work for the dinner hour with knowledge of the safe one by walking diagonally across loose rafters unprovided with a plank or other methods for this purpose, the danger of which he could readily perceive and the condition of which he was aware, and there is no other evidence of the employer's negligence: *Held*, a judgment as of nonsuit should have been entered upon the defendant's motion under the provisions of our statute, C. S., 567.

CLARKSON, J., dissenting.

APPEAL by defendant from *Barnhill, J.,* at April Term, 1926, of WAKE. Error.

Action to recover damages for personal injury, sustained by plaintiff while at work as an employee of defendant.

The jury found by its verdict that plaintiff's injury was caused by the negligence of defendant, as alleged in the complaint, and that plaintiff did not contribute to his injury by his own negligence. From judgment that plaintiff recover of defendant the sum of $12,500, the amount assessed by the jury as his damages, defendant appealed to the Supreme Court.

*R. N. Simms, Douglass & Douglass, R. L. McMillan, R. Roy Carter and Burgess & Joyner for plaintiff.*
*Biggs & Broughton for defendant.*

CONNOR, J. Upon his appeal to this Court, defendant relies chiefly upon his assignment of error based upon an exception to the refusal of the court to allow his motion for judgment as of nonsuit. This motion was duly made and exceptions duly taken as provided by C. S., 567. Defendant thus presents his contention that upon all the evidence, considered in accordance with the well-settled rule applicable upon the consideration of a motion for judgment as of nonsuit—*Boswell v. Hosiery Mills,* 191 N. C., 549—plaintiff is not entitled to recover of defendant in this action, for that the evidence, taken in the light most favorable to plaintiff, fails to sustain the allegations of the complaint, denied in the answer, and involved in the first issue, to wit: "Was the plaintiff injured by the negligence of defendant, as alleged in the complaint?"

The negligence alleged is the failure of defendant to use due care to provide a reasonably safe way for plaintiff, his employee, to pass into and out of the building in which he was required to work, in the performance of the duties of his employment. It is further alleged that this negligence was the proximate cause of plaintiff's injury.

On 16 March, 1925, defendant was engaged, as an independent contractor, in installing a heating system in the Science Building, at

Meredith College, near Raleigh, N. C.; on said day plaintiff was employed by defendant as a steam-fitter, and was at work in said building, connecting radiators with pipes, which were parts of said heating system; the mains had been put in, and defendant had been at work for two days connecting the laterals, on the west side of the building; the building, a structure 300 feet long, and 50 feet wide, was in process of construction; there was a hall from one end of the building to the other, with skeleton partitions on each side of the hall; there was a door at the north end of the hall, and one at the south end; joists or sleepers were in place, but the floors had not been laid; pipes for the heating system had been placed under these sleepers, and radiators had been set in positions to be connected with these pipes; during the morning, plaintiff had been at work connecting radiators near the west wall of the building, with pipes under the first or ground floor of the building.

At about noon, plaintiff was at work, connecting a radiator near the west wall, with the pipes which ran under the sleepers; this radiator was about 40 feet from the south wall and in a line running 45 degrees from the door in said wall; while plaintiff was at work beneath the sleepers, standing on the ground, he broke a small fitting. He took off the broken fitting and screwed on a good one. His helper called to him that it was dinner time. At about five minutes to twelve o'clock he came up from the ground, between the sleepers, and started toward the south door of the building, walking diagonally across the sleepers, intending to go out of the building through the south door for his lunch. No walkway had been provided from the place at which he had been at work to the door at the south end of the hall; between said place and said door there were sleepers, 2 by 12, placed about 13½ inches apart; these sleepers were shaky—they had been braced; floors had not been laid on them, nor were there any planks or boards across them, providing a walkway from the radiator to the door. In going from the radiator to the door plaintiff went in a diagonal direction, stepping from one sleeper to another, walking, as he testified, across the sleepers "catta wampus." He had not used this way in going out of the building before that morning. He was walking the best he could, and aiming to get to the outside door.

The only evidence appearing in the record as to the manner in which plaintiff was injured is his own testimony. No witness testified that he saw plaintiff immediately before or at the time he was injured. He testified that while walking across the sleepers, stepping from one to another, he slipped and fell, straddling a sleeper. After he fell his feet were about 18 inches from the ground. The shock caused him

severe pain. He got up, and after ascertaining by an examination of himself that he had sustained no external injury, he left the building and went to the shop. He was later taken home and then to a hospital, where he remained for some time under treatment. There was evidence that plaintiff's injury was serious and permanent, causing him much suffering and greatly diminishing his earning capacity.

On the morning of the day on which he was injured, plaintiff had entered the building and gone straight down the hall to his bench, where he kept his tools; after getting his tools he had gone directly across the hall to the west wall of the building where the radiators were placed. He had worked along the west wall during the morning toward the south wall, thus reaching the radiator which he was connecting with the pipes of the heating system, when he stopped work for dinner. A way was provided for him to go into and out of the building and to and from the place where he was required to work. He had used this way that morning to go into the building and to his work. He could have left the building by the same way that he had entered that morning with safety. There was a door in the partition between the hall and the room in which plaintiff was at work. Plaintiff could see through this hall door to the outside door at the south end of the hall. He knew that there were no boards or planks across the sleepers, and that the flooring had not been laid on the sleepers. He could see the conditions in the building. He testified that he did not think there was any danger, although he knew that it was more dangerous to walk across the sleepers than to walk on a floor. "Those sleepers were shaky— that made me fall. Those 12 by 2 sleepers were shaking within six' feet of where they ended, and that is all that I can recall that caused me to fall."

A careful scrutiny of all the evidence set out on the record in this case fails to disclose, in our opinion, any breach of duty, which defendant owed to plaintiff, his employee, which was the proximate cause of his injury. Plaintiff was not injured at the place at which he was at work. Conceding that it was the duty of defendant to use due care not only to provide for plaintiff a reasonably safe place at which to work, but also reasonably safe ways by which plaintiff might pass into and out of the building, in which he was required by the terms of his employment to work, it appears from the evidence that defendant had performed this duty. Plaintiff undertook to leave the place at which he had been at work by a way which had not been provided by defendant. There is no evidence that he had been instructed by defendant or by his foreman to walk diagonally across sleepers, which were shaky or insecure, in order to get to the south door, and thence leave the building. If he had undertaken to leave the building by the same way

he had entered that morning, he would not, so far as the evidence discloses, have been injured. Defendant, having exercised due care to provide a reasonably safe way for plaintiff to pass into and out of the building and thence to and from his work, had fully performed the duty which was imposed upon him by law. Plaintiff voluntarily chose another way, which he knew was hazardous. Defendant cannot be held liable for damages sustained by plaintiff while leaving the building by a way not provided by defendant.

The rule that it is the employer's duty to use ordinary care to furnish his employee with a reasonably safe place for his work, is not restricted to the identical situs of the labor, but extends to the exercise of ordinary care to see that the means of egress and ingress provided by the employer or customarily used by the employee in going to and from his work on the premises of the master, and that the ways so provided or so used in passing from one part of the premises to another, in the course of his employment, are reasonably safe. *Elliott v. Furnace Co.*, 179 N. C., 142, and cases cited in opinion of *Hoke, J.*, 39 C. J., 349, sec. 408. Where, however, an employer has by the exercise of ordinary care provided reasonably safe means by which his employee can get to and from the place of his work, and the employee knows of such means, having previously used the same, but voluntarily chooses another and hazardous way, not provided by the employer, the employer cannot be held liable for damages resulting from an injury sustained by the employee, caused by the conditions of the way chosen by him without authority from or notice to the employer. It cannot be held that the injury was caused by the negligence of the employer; he is, therefore, not liable for damages resulting from the injury.

In *McAtee v. Mfg. Co.*, 166 N. C., 448, it is said that whether plaintiff in that case selected a safe way to do his work, in the exercise of proper care, when two ways were open to him, for the purpose, one safe and the other dangerous, was manifestly a question for the jury. Plaintiff relies upon this principle. It is not applicable upon the facts of this case, for we are here dealing with the question as to whether there was evidence of negligence on the part of defendant—not of contributory negligence on the part of plaintiff. In that case, *Judge Walker* says: "There certainly was evidence to show that the defendant had been negligent in furnishing the 'blackjack' for oiling the belt." He further says: "We cannot say as a matter of law that the evidence showed the risk and danger of using the blackjack to be so obvious that a reasonably prudent man would not, under like circumstances, have undertaken to do the particular work, and this question, therefore, was properly left to the jury." We are of the opinion that in this case, there was no evidence from which the jury could find that defendant

was negligent, or that his injury was caused by the negligence of defendant as alleged. No question of contributory negligence is presented.

Defendant's motion for judgment as of nonsuit should have been allowed. The judgment must be reversed. It is so ordered.

Error.

CLARKSON, J., dissenting.