RALPH FESPERMAN v. W. O. PRATT.

(Filed 14 May, 1930.)

**Master and Servant C b—Where employer furnishes means of descent and employee chooses to use other means, employer is not liable.**

Where the plaintiff, employed by the defendant to work on a building under construction, is injured by falling therefrom while using a rope to descend from the roof, when the employer had provided a step-ladder for the purpose of ascent and descent, and the rope had been provided to draw lumber to the roof: *Held*, the employer is not liable for the injury caused by the failure to use the safe means provided for ascent and descent from the building.

APPEAL by plaintiff from *Harwood, Special Judge,* at November Term, 1929, of CABARRUS. Affirmed.

Action to recover damages for personal injuries caused, as alleged in the complaint, by the negligence of defendant in failing to provide reasonably safe means by which plaintiff could descend from the roof of a building on which he was at work as an employee of defendant.

From judgment dismissing the action as of nonsuit, at the close of the evidence for the plaintiff, plaintiff appealed to the Supreme Court.

*H. S. Williams for plaintiff.*
*Hartsell & Hartsell for defendant.*

PER CURIAM. Plaintiff was at work as an employee of defendant on the roof of a building in the course of construction. Defendant had provided a ladder by means of which plaintiff and other employees of defendant, at work on the roof of the building, could ascend and descend from the place at which they were required to work. Plaintiff instead of using this ladder, undertook to descend from the roof by means of a rope which defendant had provided for drawing lumber and other material from the ground to the roof. This rope was not fastened to the roof, and plaintiff fell to the ground and was injured.

The judgment dismissing the action upon the ground that the evidence for the plaintiff failed to show that his injuries were caused by the negligence of defendant, as alleged in the complaint, is in accord with the decision of this Court in *Bennett v. Powers*, 192 N. C., 599, 135 S. E., 535. It is said in the opinion in that case that "where an employer has by the exercise of ordinary care provided reasonably safe means by which his employee can get to and from the place of his work, and the employee knows of such means, having previously used the same, but voluntarily chooses another and hazardous way, not provided by the employer, the employer cannot be held liable for damages resulting from an injury sustained by the employee, caused by the conditions chosen by him without authority from or notice to the employer."

There is no error in the judgment. It is

Affirmed.