GERNIE KIGER, BY HIS NEXT FRIEND, v. LIIPFERT SCALES COMPANY.

(Filed 7 May, 1913.)

1. **Master and Servant — Negligence — Safe Appliances—Defects— Ordinary Care—Duty of Master.**

    While it is the duty of the master to furnish his servant reasonably safe machinery and appliances with which to do his work, including under certain conditions the peremptory obligation of supplying such as are "known, approved, and are in general use," the responsibility of the master is not that of an insurer, for the requirement is only made of him to provide such as are reasonably safe, with the burden on the servant, in his action for damages for an injury alleged to have been thus negligently inflicted, to show the defective condition of the machine at which he was at work; that it was the proximate cause of the injury; and that the defendant knew of this defect, or could have discovered it by the exercise of ordinary care.

2. **Same—Instructions.**

    Where the servant sues for damages for a personal injury caused by the alleged negligence of the master in furnishing him a defective machine with which to do his work, an instruction is erroneous which makes the defendant's liability depend only on whether the machine was defective at the time the servant received the injury, the evidence being conflicting upon whether the defective condition was brought to the master's notice or he should have known thereof in the exercise of ordinary care.

### 3. Same—Res Ipsa Loquitur—Questions for Jury.

Where there is conflicting evidence upon the question of the master's negligence in not furnishing his servant a proper machine with which to do his work, as the proximate cause of the injury complained of, the doctrine of *res ipsa loquitur*, a question for the jury, does not relieve of the requirement that, in charging the jury upon the issue, the constituent features of the law of negligence as applicable to the facts in evidence should be correctly given.

APPEAL by defendant from *O. H. Allen, J.,* at December Term, 1912, of FORSYTH.

Civil action to recover damages for alleged negligence on part of defendant company, causing permanent physical injury to plaintiff.

On the usual issues in such action there was verdict for plaintiff. Judgment on the verdict, and defendant excepted and appealed.

*Benbow & Hall and Jones & Patterson for plaintiff.*

*Manly, Hendren & Womble and Watson, Buxton & Watson for defendant.*

HOKE, J. There was evidence to show that on 25 April, 1910, plaintiff, an employee of defendant company, had his hand severely and permanently injured while engaged in operating an Adams duplex lump machine. Without going into a minute description, this is a machine used in the process of manufacturing plug tobacco, by which the tobacco is made into lumps preparatory for its subsequent pressure into the plugs. It weighs about 2,300 pounds, is 4 feet 6 inches high in all, has a base of 22 x 36 inches, and 33 inches from the floor has a surface like a table 22 x 42 inches. On this surface are two cells or hoppers into which the tobacco is put by hand, and there are also two drop blocks or plungers, which are raised and lowered alternately as the power is applied, fitting into the hoppers or cells and supplying the pressure required to make the tobacco into lumps, one block being down when the other is raised, etc. The power is applied by a contrivance beneath the table and is controlled by a lever having a handle affixed to

the side of machine, and when the machine is in proper condition the power will only operate and the position of the block change when the operator lifts the lever 4 inches and pulls it 2; unless this is done, the machine does not "repeat," but holds its position, and no injury could result. The evidence of plaintiff tended to show that on the day of the injury, and soon after he commenced working the machine, it had an uncertain movement, and the blocks would change position without moving the lever. That he called the attention of the boss or foreman to this, and was told that the machine was all right, to go back to work. That he went back, and in the attempt to operate the machine further, and by reason of such an eccentric movement, his hand was caught and crushed by one of the blocks and held until the bolts could be removed. The evidence of defendant tended to show that the machine was a proper one for the work and was in perfect condition; that it worked true both before and after the injury, and that from its construction and in the condition it was then shown to be, the power could not be applied nor the position of the blocks changed except by moving the lever in the regular way; that plaintiff had made no complaint whatever of any eccentric or irregular movement of the machine, and that he was injured while engaged in conversation with a girl at the time, and not properly attentive to the work or the position of his hands.

On this, the evidence chiefly relevant to the question presented, the court charged the jury as follows: "That if you find by the greater weight of the evidence, the burden being upon the plaintiff to establish that (the defendant put the plaintiff to work on a machine which was out of order, and by reason of its being out of order, and by reason of the failure of the defendant to provide him with a machine in proper condition, the plaintiff was injured in the manner contended for by him, then the plaintiff was injured by the negligence of the defendant in putting him to work at a machine that was out of order). If the plaintiff fails to satisfy the jury by the greater weight of the evidence that he was injured on account of a failure of the defendant to provide him with a machine in proper condition for the work which he was placed there to do, then the

jury should answer the first issue 'No'; I say if he fails to satisfy the jury by the greater weight of the evidence. It is a clear proposition for you to determine, according to the weight of the evidence. Was that machinery out of order, and on account of its being in improper condition was the plaintiff, while attempting to take out a plug of tobacco, injured on account of the dropping of the weight when it ought not to have dropped, and its dropping on account of defect about the machine?"

It has been repeatedly held in this State that in the exercise of reasonable care employers of labor are required to provide for their employees a safe place to do their work, and appliances safe and suitable to do the work in which they are engaged. And as a feature of this obligation in the operation of mills and other plants where the machinery is more or less complicated, such employers are held to the duty of supplying machinery and implements which are known, approved, and in general use. *Hicks v. Manufacturing Co.,* 138 N. C., 325; *Marks v. Cotton Mills,* 135 N. C., 287; *Lloyd v. Haynes,* 126 N. C., 359; *Witsell v. R. R.,* 120 N. C., 557.

In the application of the more general principle, it is also well established here and elsewhere that an employer is not an insurer of the employee's safety. In the discharge of the duty he is held only to that degree of care that a man of ordinary prudence should exercise under like conditions and charged with a similar duty; and if when proper machinery and implements have been provided, a defect occurs or exists which results in injury to an employee, it is necessary to show, in order to fix liability, that the defect was a proximate cause of the injury and that the employer had actual or constructive notice of its existence. *Mincey v. R. R.,* 161 N. C., 467; *Pritchett v. R. R.,* 157 N. C., 88; *Blevins v. Cotton Mills,* 150 N. C., 493; *Nelson v. Tobacco Co.,* 144 N. C., 418; *Carnegie Steel Co. v. Byers,* 149 Fed., 667. In *Mincey's case, Associate Justice Walker* for the Court said: "The duty of the master to provide reasonably safe tools, machinery, and place to work does not go to the extent of a guaranty of safety to the employee, but does require that reasonable care and caution be

taken to secure such safety." In *Pritchett's case, Associate Justice Allen* thus correctly states the principle: "The burden is on the plaintiff to prove that the place where he was at work was unsafe, and that the defendant knew it to be so or that it could have been discovered in the exercise of ordinary care"; and in *Blivens v. Cotton Mills* and *Nelson v. Tobacco Co., supra,* it was held: "In an action for damages sustained by an employee, alleged to have been caused by a defect in a machine, at which he was at work in the course of his employment, it is necessary for him to show that his injury was caused by the defect, and that the employer had actual notice thereof, or constructive notice, implied by failure to exercise reasonable inspection or care, or from the length of time the defective condition had previously existed."

In the charge of his Honor on the first issue and on the facts in evidence we do not think there has been a correct application of the principle. Both in the direct charge and in the closing explanation the impression may very well have been made on the mind of the jury that responsibility would attach if the machine was defective, without more. Thus, after saying that if injury occurred by reason of a failure to provide plaintiff with a machine in proper condition, the court proceeds: "It is a clear proposition for you to determine, according to the weight of the evidence. Was that machinery out of order, and on account of its being in improper condition was the plaintiff, while attempting to take out a plug of tobacco, injured on account of the dropping of the weight when it ought not to have dropped, and its dropping on account of defect about the machine?"

True, the plaintiff testified that he notified the foreman of this defect, but this was expressly denied by defendant's witnesses; there was testimony also that both before and after the occurrence the machine was found to be in good shape and worked properly, and if there was a defect causing the injury there were facts in evidence from which it could be a permissible inference that the irregular or eccentric movement was from a defect of which the employer did not know and had no reasonable opportunity to learn.

We are not inadvertent to the doctrine of *res ipsa loquitur,* which may have been present in this case and which seems to have been properly stated by his Honor; but "If the facts in evidence call for its application, its effect is only to carry the case to the jury on the issue" (*Ross v. Cotton Mills,* 140 N. C., 115), and does not relieve of the requirement that in charging the jury on the issue the constituent features of the law of negligence as applicable to the facts in evidence should be correctly given.

We are of opinion that the defendant is entitled to have his cause tried before another jury, and it is so ordered.

New trial.