### O. McLAWHORN v. D. W. COPPAGE.

(Filed 29 October, 1924.)

**1. Trespass—Issues.**

The refusal of the trial judge to submit an issue tendered by the party will not be held for error when the one submitted by the court arises upon the pleadings, is supported by the evidence, and is determinative of the question, no particular form therefor being required.

**2. Same—Instructions.**

Where an action of trespass involving title to lands depends upon an issue as to the true dividing line between adjoining owners only, an instruction which confines the verdict to their findings upon the conflicting evidence thereon of the parties is not erroneous.

APPEAL by plaintiff from *Midyette, J.*, at the April Term, 1924, of CRAVEN.

The plaintiff tendered these issues which the court refused to submit:

1. Where is the true dividing line between the lands claimed by the plaintiff and the lands claimed by the defendant in this action?

2. What damage, if any, is the plaintiff entitled to recover for wrongful trespass on his lands by the defendant? ·

3. What damage, if any, is the defendant entitled to recover for wrongful trespass on his lands by the plaintiff?

The following verdict was returned:

"1. Is the plaintiff McLawhorn, the owner and entitled to the possession of the land in controversy shown on the official map from A to B to C to X to 4 to Y and from Y to A? Answer: 'No.'

"2. If so, did defendant Coppage wrongfully enter upon said land and remove timber and trees therefrom as alleged in the complaint? Answer: 'No.'

"3. If so, what damage, if any, is plaintiff McLawhorn entitled to recover? Answer: 'No.'

"4. Is the defendant Coppage the owner and entitled to the possession of the land in controversy shown on the official map from A to B to C to X to 4 to Y and from Y to A, as alleged in the cross-complaint? Answer: 'Yes.'

"5. If so, did plaintiff McLawhorn wrongfully enter upon said land and remove timber and trees therefrom, as alleged in the cross-complaint? Answer: 'Yes.'

"6. If so, what damage, if any, is defendant Coppage entitled to recover? Answer: '$1.00.' "

Judgment for defendant.

*Moore & Dunn for plaintiff.*
*D. L. Ward and R. A. Nunn for defendant.*

ADAMS, J. The plaintiff alleged that he was the owner and in possession of a tract of land described in the complaint and that the defendant had trespassed thereon to his damage. The defendant admitted the plaintiff's title, but denied the trespass. Thereafter the defendant brought a cross-action alleging that he was the owner of certain lands and that the plaintiff had trespassed thereon by cutting and removing timber. No answer was filed, and at the trial the actions were consolidated. The plaintiff introduced evidence tending to show that he was the owner and in possession of a tract of land represented on the plat by A, B, C, D, A, and the defendant offered evidence tending to show that he was the owner and in possession of the land represented by the figures 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11-1. The deed under which the

plaintiff claimed called for the Dinking line. It was agreed that the land in controversy is shown on the plat by the lines A-B-C-X-4-Y-A.

The plaintiff excepted to the judge's refusal to adopt the issues which he tendered and to the submission of the issues which appear of record. Neither exception can be sustained. The allegations in the pleadings and the admission of the parties as to the land in controversy fully justify the ruling complained of. The issues should present the material facts arising upon the pleadings, though the form in which they are presented is largely in the discretion of the trial judge. *Mann v. Archbell,* 186 N. C., 72; *Dalrymple v. Cole,* 181 N. C., 285; *Potato Co. v. Jeanette,* 174 N. C., 236.

His Honor charged the jury if they were satisfied by the greater weight of the evidence that A-B-C-D-etc., represented the true location of the Dinking line to answer the first issue "Yes," and unless so satisfied to answer it "No." Exception was taken on the ground that the instruction deprived the jury of the "latitude of determination" which they would have had if the first of the issues tendered by the plaintiff had been submitted. The plaintiff's deed called for the Dinking line and his land could not extend beyond it; the location of this line was in dispute; the plaintiff contended that its location was represented by certain lines and the defendant contended that its location was represented by other lines. If the plaintiff's contention was correct he was entitled to recover damages of the defendant; if the defendant's contention was correct he was entitled to recover of the plaintiff. The evidence related to these two contentions and with respect to the location of the Dinking line his Honor clearly applied the law to the evidence that had been offered.

What we have said disposes of all the exceptions except the seventh. We have given it due consideration and find it to be without merit. In answer to the question whether the jury had a right to divide the land between the parties the judge properly held that the issues should be answered according to the evidence.