## ANGELO et al. v. LAMBORN et al.

(Circuit Court of Appeals, Fourth Circuit. December 20, 1924.)

No. 2278.

1. Sales ⬦2—Contract of sale to be performed in Georgia is a Georgia contract.

Contract of sale to be performed in Georgia is Georgia contract.

2. Sales ⬦177—Seller not bound to treat as final buyer's refusal to accept before time for delivery specified.

Seller, having option to make deliveries within stated time, is not bound to treat as final any statement by buyer that it will not accept until expiration of such time.

In Error to the District Court of the United States for the Western District of North Carolina, at Greensboro; James E. Boyd and Edwin Y. Webb, Judges.

Action by Arthur H. Lamborn and others, trading and doing business under the firm name and style of Lamborn & Co., against M. A. Angelo and another, trading and doing business under the firm name and style of Angelo Bros. Judgment for plaintiffs, and defendants bring error. Affirmed.

J. E. Alexander, of Winston-Salem, N. C. (L. M. Butler, of Winston-Salem, N. C., on the brief), for plaintiffs in error.

A. B. Lovett, of Savannah, Ga. (Hitch, Denmark & Lovett, of Savannah, Ga., and Cansler & Cansler and John M. Robinson, all of Charlotte, N. C., on the brief), for defendants in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The plaintiffs in error were defendants below and the defendants in error were plaintiffs. It will tend to clearness if they be here described by the positions they occupied in the trial court.

Under a contract which, except as to names, dates, and amounts, was in legal effect identical with that passed upon in Bell v. Lamborn, 2 F.(2d) 205, decided by this court at the October term, 1924, the defendants bought and the plaintiffs sold 150 barrels of standard fine granulated sugar. The defendants accepted delivery of but 50 barrels and refused to take or pay for the remainder. The plaintiffs, after notice, resold the unaccepted balance of 100 barrels, and brought this suit for the difference between the contract price and the net proceeds realized on the resale. Upon the conclusion of the testimony a verdict was directed in favor of the plaintiffs. The defendants pleaded that the making of the

contract was procured by the fraudulent representations of the plaintiffs, but, as the court below properly held, they did not offer any evidence legally sufficient to prove the existence of any such fraud.

[1] The record does not make it clear whether the meeting of the minds of the parties to the contract was in Georgia or North Carolina, but in any event, as we held in Bell v. Lamborn, supra, as the contract was to be performed in Georgia, it was a Georgia contract, and the instructions of the court as to the measure of damages were in entire harmony with the views we expressed in that case, even if it be assumed that in this respect there is any difference between the law of the two commonwealths, a question upon which we do not intimate any opinion.

[2] By the terms of the contract one-half of the sugar now in controversy was to be delivered during August or September and the other one-half during September or October. During the time specified, shipment was to be at seller's option. Until the 30th of September, the plaintiffs were not bound to treat as final any statement of the buyer's that they would not accept. Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953. On the 11th of September, the plaintiffs gave defendants notice that they elected to deliver all the sugar at once and requested shipping instructions. Defendants gave none, remaining absolutely silent. A week later, on the 18th, plaintiffs repeated their notice. Again defendants failed to answer. On the 23d and on the 27th the plaintiffs informed the defendants that in default of shipping instructions they would have to sell the sugar for the defendants' account. In the last communication the plaintiffs gave defendants 48 hours in which to answer. Still the defendants failed to make any reply.

The uncontradicted evidence shows that, in the conditions then prevailing in the sugar trade, the sale was made as speedily as it could have been, with due consideration to the rights of the defendants. On the 18th of October, the plaintiff obtained an offer of 11 cents a pound for the sugar and notified the defendants to that effect. The defendants adhered to their policy of silence and the plaintiffs sold. The uncontradicted testimony shows that the sale was fairly made and for the best price obtainable.

Other contentions made by the defendants have been considered and disposed of in our opinion in Bell v. Lamborn, handed down after the briefs in the instant case had been printed. Finding no error in the proceedings below, the judgment there rendered is affirmed.

Affirmed.