**LYON v. TRAVELERS' PROTECTIVE ASS'N OF AMERICA.**

Circuit Court of Appeals, Fourth Circuit. April 10, 1928.

No. 2687.

1. **Trial ☞165—Evidence must be viewed most favorably to plaintiff on motion to nonsuit.**

On a motion to nonsuit, the evidence must be viewed in the light most favorable to plaintiff.

2. **Insurance ☞455—Insured's death by rupture of blood vessel while driving automobile from woods back into road held not accidental, but result of voluntary overexertion.**

Death of insured by rupture of blood vessel while driving heavy automobile back into road from woods, into which he had driven on dark, rainy night, held not caused by external, violent, and accidental means, within accident benefit certificate, but by "voluntary overexertion," expressly excepted thereby.

3. **Insurance ☞665(5)—Theory that bursting of blood vessel, resulting in insured's death, was caused by being thrown against wheel of automobile, held mere conjecture, insufficient to support recovery on accident benefit certificate.**

Theory that bursting of blood vessel, resulting in insured's death, was caused by his being thrown against wheel of automobile he was driving from woods back into road he had missed, held mere vague conjecture, insufficient to support recovery on accident benefit certificate, in absence of proof that he complained of any violent blow, or that any bruise or other evidence thereof appeared on his body.

4. **Trial ☞142—Though burden is on accident insurer to show death from excepted cause, court must direct verdict for defendant or grant nonsuit, where evidence is all one way.**

Though burden is on defendant, in action on accident benefit certificate, to show that insured's death was from cause within exception, it is court's duty to direct verdict for defendant or grant nonsuit, where evidence is all one way and reasonable men cannot differ as to conclusion to be drawn therefrom.

In Error to the District Court of the United States for the Middle District of North Carolina, at Greensboro; Johnson J. Hayes, Judge.

Action by Roberta T. Lyon against the Travelers' Protective Association, of America. Judgment of nonsuit, and plaintiff brings error. Affirmed.

R. C. Kelly and Chas. A. Hines, both of Greensboro, N. C. (Peacock, Dalton & Lyon, of High Point, N. C., and Hines, Kelly & Boren, of Greensboro, N. C., on the brief), for plaintiff in error.

Oscar L. Sapp, of Greensboro, N. C. (King, Sapp & King, of Greensboro, N. C., on the brief), for defendant in error.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PARKER, Circuit Judge. This was an action at law, instituted by Roberta T. Lyon, as plaintiff, against the Travelers' Protective Association of America, a fraternal benefit society incorporated under the laws of Missouri. The purpose of the action was to recover on an accident insurance contract in the sum of $10,000 issued on the life of her husband, in which she was named as beneficiary. At the conclusion of the testimony the trial judge granted a motion to nonsuit, and entered judgment dismissing the action. The correctness of this ruling is the only question presented by the assignments of error. For convenience, we shall refer to the parties as plaintiff and defendant, as they appeared in the court below.

By the certificate of membership under which plaintiff's husband was insured, the constitution and by-laws of the association were incorporated into the contract between the parties. Article XIII, section 1, thereof contained the following provisions, viz.:

"The association will pay for bodily injuries causing disability, loss of either hand, foot, arm, leg, sight of either eye, or *death* only in those cases where the injury causing the disability * * * or death is caused by *external violent and accidental means independently of all other causes, and is the sole cause of the death* or * * * disability, and shall *independently of all other causes* immediately, continuously, and wholly disable the member from transacting any and every kind of business pertaining to his occupation, or shall be the sole cause of his death, * * * within six months after such injury. This association shall not be liable, in case of injuries, fatal or otherwise, inflicted by a member in good standing on himself while sane or insane, or injuries of which there are no visible marks upon the body (the body itself not being deemed such a mark in case of death), nor shall the asso-

ciation be liable in case of * * * death * * * or disability, when caused, wholly or in part by any bodily or mental infirmity or disease, dueling, fighting, wrestling, or in acting as an aviator or balloonist, or soldier or sailor, by participation in war or riot, or in aerial navigation or aeronautics of any kind, either as passenger, operator, or assistant, or in public or agreed automobile racing, or by wrecking, mining, blasting, the moving or transportation of gunpowder or dynamite or other explosive substances, murder, disappearance or hazardous adventure; nor shall the association be liable for injury causing death, loss of either hand, foot, arm, leg, sight of either eye or disability resulting from an altercation or quarrel, *voluntary overexertion* (unless in a humane effort to save human life), voluntary or unnecessary exposure to danger, or to obvious risk of injury." (Italics ours.)

By section 7 of the same article it was provided that no action against the association for the recovery of any claim arising under a certificate of membership or the constitution and by-laws should be sustained unless commenced within six months after the refusal of the association to pay same. It was admitted on both sides that the action was instituted more than 6 months and less than 12 months after the association refused payment. The contention of defendant was that the death of plaintiff's husband was not covered by the provisions of the by-laws quoted above, and that the action could not be sustained, because not instituted within 6 months after rejection of the claim.

The facts established with regard to the death of insured were as follows: On the night of December 2, 1925, he attended a supper given by one of his friends at a country lodge near High Point, N. C. This lodge was a considerable distance from the main highway, and was reached by a new dirt road, which had been cut through the woods. It had been raining all day, and the road was slippery, and the loam in the woods was wet and soft. After the supper, insured, with a number of his friends, attempted to return to High Point. He was driving a heavy sedan automobile, and in the rain and darkness of the night he missed the road and drove out into the woods, a distance of 100 feet or more. When he discovered his predicament he attempted to drive back into the road, but the softness of the loam and the presence of stump holes made the driving very difficult. To handle the car under such circumstances required great exertion; and as a result of this exertion insured, who was a stout, heavy

man, ruptured a blood vessel, which resulted in his death shortly thereafter.

[1, 2] Upon these facts we think that the court below properly nonsuited plaintiff. Viewing the evidence in the light most favorable to plaintiff, as we must on a motion to nonsuit, we do not think that it furnished any substantial proof that the death of the insured resulted from external, violent, and accidental means, but, on the contrary, showed that it was the result of a cause expressly excepted, viz. voluntary overexertion. It is perfectly clear, we think, that the rupture of the blood vessel was not caused by any external thing such as a blow or fall. Not only was there no evidence of such blow or fall, but there was no evidence of any bruise which could have been caused thereby, or of any complaint by insured of receiving same, although he was complaining of feeling sick and of his lungs filling with blood. On the other hand, there is clear evidence of violent exertion on his part, and that the rupture of the blood vessel occurred while he was engaged in such exertion. Under these circumstances, we do not think that his death could be said to have been caused by external, violent, and accidental means, within the protection of the benefit certificate. Rock v. Travelers' Ins. Co., 172 Cal. 462, 156 P. 1029, L. R. A. 1916E, 1196; Feder v. Iowa State Traveling Men's Ass'n, 107 Iowa, 538, 78 N. W. 252, 43 L. R. A. 693, 70 Am. St. Rep. 212; Lehman v. Great Western Acci. Ass'n, 155 Iowa, 737, 133 N. W. 752, 42 L. R. A. (N. S.) 562; Shanberg v. Fidelity & Casualty Co. (C. C. A. 8th) 158 F. 1, 19 L. R. A. (N. S.) 1206.

Plaintiff relies particularly upon U. S. Mutual Accident Ass'n v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60, and Mutual Life Ins. Co. v. Dodge (C. C. A. 4th) 11 F. (2d) 486. But we think that neither of these cases is in point. In the Barry Case insured was injured by jumping from a platform, and there was no question that the injury was caused by means which were external; i. e., the contact with the earth. The case was submitted to the jury on the question as to whether anything accidental occurred during the act of jumping, from the time deceased left the platform until he landed upon the ground. In the Dodge Case the death of insured resulted from the administration of novocaine, a drug as to which insured unknown to himself and the attending physician, had an idiosyncrasy or hypersusceptibility. There was no question in that case that the death was caused by means which were external and violent. The only question

was as to the accidental element. We held that the death was caused by accidental means, in that the element of accident inhered in the administration of the novocaine to a body possessed of hypersusceptibility, in ignorance of the fact that such hypersusceptibility existed.

In this case both the accidental and external elements are lacking from the means which produced death. Death was caused, not by the fact that deceased accidentally or unintentionally got off of the road, but by the fact that he overexerted himself in trying to get back into the road. It resulted, not from a blow or other cause from without, but from exertion from within, a matter arising and manifesting itself within the insured's own body. If the automobile had fallen into a ditch, and insured, in trying to lift it out, had burst a blood vessel, no one would contend that death was caused by external or accidental means. We see no difference in principle between such case and the case at bar.

[3] It is suggested that the bursting of the blood vessel may have been caused by the insured being thrown against the wheel of the car, when it would drop into stump holes; but he did not complain of any violent blow, no bruise or other evidence thereof appeared upon his body, and the theory that he may have received such blow is nothing but vague conjecture, entirely insufficient to support a recovery. On the other hand, the evidence overwhelmingly supports the theory that the rupture of the blood vessel was caused by voluntary overexertion, a cause expressly excepted in the policy.

[4] Even though the burden was upon the defendant to show that the death was from a cause within the exception, there can be no doubt of the duty of the court to direct a verdict or grant a nonsuit in favor of the party upon whom rests the burden of proof, where the evidence is all one way and reasonable men could not differ as to the conclusion to be drawn therefrom. N. Jacobi Hardware Co. v. Vietor (C. C. A. 4th) 11 F.(2d) 30; Angelo v. Lamborn (C. C. A. 4th) 2 F.(2d) 854; North Penn. R. R. v. Commercial Bank, 123 U. S. 727, 8 S. Ct. 266, 31 L. Ed. 287; 26 R. C. L. 1062, 1075. The nonsuit was proper, therefore, because the plaintiff failed to show that the death of insured was due to external and accidental means, and also because the evidence showed that it was caused by voluntary overexertion.

Having reached the conclusion that upon the evidence plaintiff was not entitled to recover, whether her suit was instituted in time

or not, it is manifestly not necessary that we decide whether the provision of the by-laws is valid which requires that suit be instituted within six months.

For the reasons stated, we think that the judgment of nonsuit should be and same accordingly is affirmed.