### L. C. GRUBBS v. H. A. LEWIS.

(Filed 19 December, 1928.)

**Master and Servant—Liability of Master for Injuries to Servant—Tools and Appliances—Evidence.**

The master is only required to exercise ordinary and reasonable care in furnishing his servant reasonably safe and suitable tools and appliances with which to perform his duties, as may be evidenced by like tools and appliances that are known, approved, and in general use, and in an action to recover damages caused by an electrically driven sausage machine, the admission of evidence of a machine used for the purpose with less danger is reversible error in the absence of evidence that it was in existence at the time, or that it was then known, approved, and in general use.

CIVIL ACTION, before *Harding, J.,* at March Term, 1928, of MECKLENBURG.

The plaintiff alleged that in March, 1917, while a minor between thirteen and fourteen years of age, he was employed to work in the meat market of the defendant. In the usual operation of his business the defendant used a sausage grinder which was operated by electricity. Plaintiff further alleged that he was directed to use this sausage grinder

to grind meat, and, although a minor of tender years, was given no instructions as to how to operate said machine; that said machine was dangerous and was not provided with necessary guards and protections; that in attempting to perform the duties required of him plaintiff put his hand in said machine and was seriously and permanently injured by having the fingers and thumb of his right hand cut off. Suit was instituted on the 3d day of June, 1926, or some nine years after the injury.

The defendant denied all allegations of negligence and offered proof to support his contentions.

From judgment upon the verdict the defendant appealed.

*D. E. Henderson and T. L. Kirkpatrick for plaintiff.*

*H. F. Seawell & Son, U. L. Spence and Manning & Manning for defendant.*

BROGDEN, J. In an action for personal injury sustained in operating a machine, is it competent to show that there is a safer machine for doing the same work than the one used by the defendant at the time of the injury?

Upon the cross-examination of the defendant, Lewis, by counsel for plaintiff the witness was examined about a meat-grinding machine made by the Enterprise Machine Company, which was constructed with a higher neck and a smaller passage down the worm. Thereupon the defendant was asked the following question: "That machine is a much safer machine and less inherent to danger than this machine, is it not?" The defendant objected to the question, but the objection was overruled, and the defendant excepted. The defendant thereupon answered the question, "Yes." On redirect examination the defendant undertook to explain his answer by stating that the Enterprise machine was constructed so as to make it impossible for the operator to get his hand in the machine.

There is no allegation in the complaint that the machine used by the defendant was not approved and in general use. Furthermore, there was no evidence to such effect. The evidence in behalf of the defendant tended to show that the machine inflicting the injury upon the plaintiff was approved and in general use. The rule of liability in such cases was stated in *Marks v. Cotton Mills*, 135 N. C., 287, 47 S. E., 432, as follows: "The employer does not guarantee the safety of his employees. He is not bound to furnish them an absolutely safe place to work in, but is required simply to use reasonable care and prudence in providing such a place. He is not bound to furnish the best known machinery, implements and appliances, but only such as are reasonably fit and safe and as are in general use. He meets the requirements of the law if, in

the selection of machinery and appliances he uses that degree of care which a man of ordinary prudence would use, having regard to his own safety, if he were supplying them for his own personal use."

Again in *Deligny v. Furniture Co.*, 170 N. C., 189, 26 S. E., 980, the rule is expressed as follows: "It is also the plain duty of the master to use all machinery, appliances, tools and materials as have been approved and are generally used by those engaged in the same trade or business, which will contribute to the employee's safety, and this rule applies to all reasonable safeguards against injury to his servant." *Lloyd v. Hanes*, 126 N. C., 359, 35 S. E., 611; *Kiger v. Scales Co.*, 162 N. C., 133, 78 S. E., 76; *Steeley v. Lumber Co.*, 165 N. C., 27, 80 S. E., 963.

The evidence objected to tended to show that there was in existence a machine for grinding meat so constructed as to possess less inherent danger to the workman than the machine used by the defendant. However, the evidence does not disclose that the machine referred to had even been invented at the time plaintiff was injured, or that it was an approved appliance or in general use, or that it had ever been in general use for the purpose of grinding meat.

Under these circumstances the exception of defendant to the evidence is sustained.

There are other exceptions in the record worthy of grave consideration, but as the case must be tried again it is not deemed expedient to discuss them.

New trial.