**BALTIMORE & ANNAPOLIS R. CO. v. CONTINO et al.**

No. 6107.

United States Court of Appeals Fourth Circuit.

Argued Nov. 8, 1950.

Decided Dec. 18, 1950.

Frank L. Fuller, III, Baltimore, Md. (R. E. Lee Marshall and Marshall, Carey, Doub & Mundy, all of Baltimore, Md., on the brief), for appellant.

J. Richard Wilkins, Baltimore, Md., for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

Upon the former appeal in this case, Contino v. The Baltimore & Annapolis R. Co., 4 Cir., 178 F.2d 521, we held that the Railroad Company was liable for negligence in respect to its participation in the construction and maintenance of an underpass on its line of less than normal clearance, without proper warning to the users of the highway. The responsibility for the erection of the crossing resided primarily with the State Roads Commission of Maryland, but the Railroad participated in the project by approving the plans and sharing the cost; and since the Railroad and the Commission engaged in the enterprise jointly, it was held that the Railroad Company was liable for damage to a truck 12 feet in height which, due to the failure to illuminate, collided with the bridge in the nighttime. The Maryland statutes gave exclusive jurisdiction to the Commission to set up warning signs along the highways but the Railroad was nevertheless held liable since it joined in a construction which necessarily created an unreasonable risk unless suitable precautions to avoid accident were taken.

Upon the new trial, after the case was remanded to the District Court, the Railroad endeavored to escape liability on a ground not broached or considered at the first trial. It offered to show that it was not in existence when the underpass was built; that at that time the road was being operated by a predecessor corporation and that the property was sold at a receiver's sale upon the condition that the purchaser should not be liable for any obligation or liability in respect to the property purchased, and that the appellant bought the property from the purchaser. This offer of proof was made as the basis for the contention that since the appellant had no share in the original construction and no right to erect warning signs on the highways, it had no responsibility for the dangerous condition of the bridge which it uses in the operation of its line. The District Judge rejected this offer and rendered a verdict for the plaintiff in the sum of $5180. This ruling was correct. We know of no authority for the proposition that a railroad corporation may escape liability for a dangerous condition existing on its line by showing that the condition was initiated by the preceding owner. Liability springs from the acceptance of the situation and continued operation by the new owner in spite of the obvious danger. No duty rested upon it to purchase and operate the property if safe operation was impossible. Moreover, in the present instance there is no showing that the overpass could not have been conspicuously marked and lighted so as to be visible to the traveling public without offending the Maryland statute. Indeed it was conceded in argument in this court that it lay within the power of the Railroad to place a light on its right

of way at the crossing and its failure to do so is sufficient basis for an affirmance of the judgment. We do not mean by this holding to imply that the Maryland statute which directs the State Roads Commission and forbids others to erect and maintain warning signs along the public highways was intended to prevent a railroad from marking its roadbed where it makes a crossing above a public highway, or that the Railroad had no obligation to secure the erection of suitable warning signs by or with the consent of the State authority, for it may not be assumed that public officials would be unwilling to perform a simple duty to safeguard the public.

Affirmed.