## DAVIS FROZEN FOODS, Inc. v. NORFOLK SOUTHERN RY. CO.

### No. 6555.

United States Court of Appeals
Fourth Circuit.

Argued April 8, 1953.

Decided May 28, 1953.

840

Franklin T. Dupree, Jr., and Murray Allen, Raleigh, N. C. (Archibald Craige, Winston-Salem, N. C., on brief), for appellant.

John M. Simms and Robert N. Simms, Jr., Raleigh, N. C. (Robert N. Simms, Raleigh, N. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is the second appeal in the action brought by the Norfolk Southern Railway Company to recover damages sustained as the result of a truck's colliding with a trestle bridging the underpass of a state highway at Bailey, North Carolina, and dislocating plaintiff's railroad track and thereby causing the wreck of one of its freight trains. On the former appeal we held that there was error in not directing a verdict for plaintiff on the issue as to whether the dislocation of the track was caused by the negligence of the driver of the truck but that there was evidence for the consideration of the jury on issues directed to the contributory negligence of plaintiff in failing to maintain adequate warning signs and in failing to operate its train so as to avoid the wreck. Norfolk Southern Ry. Co. v. Davis Frozen Foods, 4 Cir., 195 F.2d 662. On the new trial had in accordance with our mandate, the trial judge directed a verdict in favor of plaintiff on the issue relating to the negligence of defendant in causing the dislocation of the track, and the jury, in answer to specific issues submitted to them, exonerated the plaintiff of negligence with respect to the maintenance of warning signs and the operation of its train. From a judgment on the verdict, which awarded damages to plaintiff, the defendant has appealed.

Defendant's principal contention is that there was error on the part of the trial court in directing verdict for plaintiff on the issue as to whether the damage sustained by plaintiff was caused by the negligence of the defendant. This issue was limited by the trial judge in his charge upon the second trial, just as it was limited in the first, to the question as to whether the dislocation of plaintiff's track was caused by the negligence of the driver of defendant's truck; and as there was no substantial difference in the evidence bearing upon the issue in the two trials, it was the duty of the judge, in application of the law of the case, to direct a verdict for plaintiff, since we had held that it was error not to direct a verdict for plaintiff on such evidence in the first trial. Thompson v. Max-

well Land Grant Co., 168 U.S. 451, 456, 18 S.Ct. 121, 42 L.Ed. 539; Atlantic Coast Line R. Co. v. Chance, 4 Cir., 198 F.2d 549, certiorari denied 344 U.S. 877, 73 S.Ct. 172; Wyant v. U. S. Fidelity & Guaranty Co., 4 Cir., 116 F.2d 83, certiorari denied Wyant v. Caldwell, 314 U.S. 610, 62 S.Ct. 57, 86 L. Ed. 490; Maryland Casualty Co. v. City of South Norfok, 4 Cir., 54 F.2d 1032, certiorari denied 286 U.S. 562, 52 S.Ct. 644, 76 L.Ed. 1295; Dodd v. Union Indemnity Co., 4 Cir., 32 F.2d 512.

■ Defendant argues that there was a difference in the testimony on the two trials; but we think that there was no substantial difference. The driver of the truck softened somewhat his testimony to the effect that he was not thinking when he ran his truck against the trestle; but he admitted that he was familiar with the underpass and did not "realize" that he was driving a larger truck than he was accustomed to driving until too late to avoid running against the trestle. That such inattention to what he was doing was negligence is too clear for argument. The witness Stone, who did not testify on the first trial, gave evidence that the engine turned over after it had crossed the trestle, and that the cars seemed to go down in a hole; but there was nothing in this to negative the fact that the derailment occurred as established by the evidence on the first trial, and the witness admitted that what he saw might have resulted from the engine and cars getting off the track as they crossed the trestle. The witness Warrenfels testified on the second trial that a sudden change of temperature might cause the buckling of rails, if there was no proper chine left between their ends; but there was no evidence of any sudden change of temperature or anything else, other than the collision of the truck with the trestle, to explain the dislocation of the track.

Defendant relies, as it did on the first appeal, upon the testimony of the driver of the truck and of two other witnesses to the effect that they looked up after the collision and saw nothing wrong with the trestle. None of these witnesses, however, examined the trestle from the top where the tracks were and where the dislocation would have been evident, and all admitted that their examination was of the most casual nature. Their testimony can hardly be said to constitute a "scintilla" of evidence that the collision did not cause the dislocation of the track which resulted in the wrecking of the train. The evidence establishes that the track was in good condition and that a train passed safely over it about an hour before the collision. The collision was a violent one, as the crumpled condition of the top of the truck establishes beyond peradventure. About an hour later the track was seen to be out of line by a trainman on an approaching train, who leaped from the train for safety to avoid being in the wreck, which he saw was inevitable. The track was out of line just as though it had been shoved over by the collision and, although the matter was carefully investigated by both parties, nothing was found except the collision to account for the dislocation. The suggestion that heat expansion may have caused the buckling of the rails is too far fetched for serious consideration. As we pointed out in our former opinion, it is too much of a coincidence that heat buckling should have occurred at the one place on a 300 mile line of railroad where the collision with the truck had just taken place, and this too at 10:30 in the morning. Defendant attempts to argue that the rails may have been relaid without sufficient chine when the bridge was repaired some weeks before; but the evidence is that the rails were not disturbed when the repairs were made. The evidence leaves no ground for reasonable men to differ as to the fact that the collision was due to the negligence of the driver of the truck and that it resulted in knocking the track out of alignment. Any other conclusion would be entirely without support in the evidence and would be based on conjecture so tenuous that it could not reasonably be indulged. Under such circumstances verdict for the plaintiff on this issue was properly directed.

■ Defendant argues that verdict should not have been directed for plaintiff on this issue because the burden rested upon the plaintiff to establish defendant's neg-

ligence. This question was decided on the former appeal, where we said: "The fact that the burden of this issue rested upon the plaintiff is immaterial; for the rule is well settled that the court, upon request, should direct a verdict in favor of the party having the burden of proof if the evidence establishes the facts in his favor so clearly that reasonable men could entertain no doubt with regard thereto. [Citing cases.]" [195 F.2d 665] . Defendant argues that the state rule is to the contrary; but, that the question is one of federal and not of state practice, is too well settled to admit of argument, and this was true even in the days of the Conformity Act. See Nudd v. Burrows, 91 U.S. 426, 442, 23 L.Ed. 286; Capital Traction Co. v. Hof, 174 U.S. 1, 13–14, 19 S.Ct. 580, 43 ·L.Ed. 873; Herron v. Southern Pac. R. Co., 283 U.S. 91, 94, 51 S.Ct. 383, 75 L.Ed. 857.

■ Defendant argues that verdict should have been directed in its favor on the issue of contributory negligence because of the evidence relating to the inadequacy of the warning signs displayed. There was a conflict in the evidence as to the adequacy of the signs, however, and quite apart from this, the jury might well have found that any negligence with respect thereto could not be held a contributory cause of the collision, since the driver of the truck was thoroughly familiar with the underpass. On the former appeal we held that the question was one for the jury, saying: "The crossing above the level of the highway was for the benefit of the railroad as well as of the public; and, if there was danger to the public in its maintenance, the railroad as the owner in charge of the property, the presence of which constituted the danger, was under obligation to see that due warning thereof was given. See Contino v. Baltimore & Annapolis R. Co., 4 Cir., 178 F.2d 521, [Baltimore & Annapolis R. Co. v. Contino] 4 Cir., 185 F.2d 932. Whether the warning sign put up by the Highway Commission and partially ·obscured by weeds was a sufficient discharge of the duty was a question for the jury, as was also the question as to whether the negligence, if it existed, was a contributory cause of the collision."

There was no error and the judgment appealed from will be affirmed.

Affirmed.