Stringer, Donnelly & Sharood, by Arthur J. Donnelly, St. Paul, Minn., for plaintiff.

Stearns & Kampmeyer, by Harry S. Stearns, Jr., St. Paul, Minn., for defendants.

CHICAGO & NORTH WESTERN RAILWAY COMPANY, Plaintiff,

v.

John GROSAM and Ambrose Grosam, Defendants.

Civ. No. 4-60-152.

United States District Court
D. Minnesota,
Fourth Division.

Feb. 24, 1961.

DONOVAN, District Judge.

Plaintiff commenced this action to recover damages attributed to negligence of defendants. The jury returned a verdict for defendants. Plaintiff moved in the alternative for judgment or for a new trial.

It is undisputed that defendants owned and operated a trailer truck that collided with plaintiff's supporting structure bridging the underpass of a street in New Ulm, Minnesota. The underpass would not permit a vehicle of the size of defendants' to go under the steel girders upon which rested the ties and rails of plaintiff. Plaintiff's train had passed along said track and over the underpass on the morning of the day of the accident without mishap. Subsequently, on the evening of the same day and following the collision of the truck with the bridge, the diesels and cars in the forepart of the returning train left the track at or near the site of said collision, to plaintiff's damage in the stipulated sum of $260,750.

There is no dispute about the fact that defendants' truck was too high above

the top of the traveled road to permit its going through the underpass. This is evidenced by the physical facts. Following contact, defendants got out of the cab of their truck for the purpose of visual inspection and seeing no obvious damage to the bridge, the defendant driver backed the truck away from the underpass and pursued an alternate course.

Plaintiff's evidence was to the effect that the bridge, track and supports were in good condition prior to the collision of the truck therewith, and when last used by said diesels going over the underpass the morning of the day of the derailment; that upon the return trip the engineer first observed the rails out of alignment and applied emergency braking to avoid the derailment that immediately followed. Other witnesses, in corroboration, testified to the sound condition of plaintiff's bridge and track before the collision, and hence plaintiff contends the negligent collision of the truck with the bridge was the proximate cause of plaintiff's damage.

The only credible evidence in addition to the foregoing is the opinion of an expert, one Albert O. Lee, Assistant Professor of Mechanical Engineering at the University of Minnesota. He visited the site of the bridge and underpass on August 28, 1959, and observed the right of way, track and the general situation four days following the collision of the truck with the bridge. The aftermath of the derailment was evident to him. Based on his inspection of the bridge at that time, he testified that in his opinion, the bridge, together with its abutments, ties, I-beams, bolts and rails, was not affected by the collision of the truck therewith.

Defendants contend that the collision of the truck with plaintiff's bridge was not the proximate cause of plaintiff's damage and attributed the derailment to defects inherent in the bridge, track and roadbed connected to and extending as they had for years on either side of the underpass.

The sole issue for determination by the jury was whether or not the collision of defendants' tractor trailer unit with said bridge was the proximate cause of the derailment and the ensuing damage to plaintiff.

There is no claim by defendants that they were not adequately warned of the presence of the bridge. It was daylight. They knew the bridge was there. The physical facts demonstrated that the height of the truck would not permit its passing under the bridge and through the underpass.

Granted the day was warm or intensely hot as contended by defendants, would this cause the steel rails to expand and become warped and out of line, as described in the testimony of the locomotive engineer? The answer to this question, of course, is one of fact. Obviously the jury accepted this theory together with the history of a prior derailment in the same vicinity and near a curve in the same track. Can the verdict be sustained on the theory of intense heat generated by the sun affecting the steel rails in such manner as to proximately cause the derailment? Extreme heat and cold cause steel to expand and break. The Court may take judicial notice of such common occurrences. It may well be that the derailment would have occurred even though the truck had gone over the track at the alternate railroad crossing, instead of attempting to go through the underpass. All of this reasoning, however, requires resort to conjecture, which is not permissible.

■ Plaintiff has the burden of proof in establishing that the collision of the defendants' truck with the bridge was the proximate cause of the derailment. Is the collision, conceded by defendants, sufficient to sustain that burden? Considering the size, tonnage and motor power of the offending truck as it collided with the bridge supports, it must be said that denial of cause and effect by defendants taxes the credulity of one bound by law and duty to determine whether probative evidence in excess of a scintilla supports the verdict.

Could reasonable men entertain doubt about cause and effect under the facts and circumstances of the instant case? The law makes the verdict too questionable to deny reasonable relief to plaintiff. In my humble opinion the large amount of damages sought from men of little means provided motivation for the verdict.

It has been held by respectable authority that testimony of the truck driver that contact between truck and bridge was so light as not to affect the bridge supports and rails "has no probative value in the light of the other evidence in the case."[1] The driver of the truck familiar with the underpass and its alternate route indicates the possibility of absent mindedness in his choice of the underpass rather than the alternate route at the time in question. The train had passed over the same track site earlier in the day and nothing untoward happened. Does defendants' evidence constitute "substantial evidence" in the case at bar, rather than a mere scintilla of evidence?[2] I am persuaded that it does not. The decisions of our appellate courts suggest that counsel have recourse to a rule of reason in considering what is just and possible as to damage.

It will be observed from the foregoing that the Court entertains serious doubt as to the sufficiency of the evidence to support a verdict for the defendants in the present case.

The primary motion is directed to plaintiff's obtaining judgment non obstante. The alternative motion for a new trial appeals most strongly to the Court's sense of justice. Pursuing this phase of the case, the Court is mindful of the oft-repeated law laid down in this Circuit, that "it is elementary that in the trial of an action at law, the jurors are the sole and exclusive judges of the facts, of the credibility of the witnesses, and of the weight of the evidence. Evidence which is uncontradicted is not necessarily to be accepted as true. Its weight and the credibility of the witnesses who gave it are usually for the jury to determine."[3] An exception to the last-quoted rule is inherent improbability of testimony in direct conflict with the weight to be given thereto.[4]

It would seem that defendants' case is too dependent upon inference drawn from casually observed facts when they got out of the truck following the collision and gazing at the structure they had driven their truck against, to reliably conclude that no damage occurred to plaintiff. Obviously there exists possibility of factual support for opposite factual inference.

Post-trial study and consideration of the evidence necessitates a retrial of all the issues. Therefore, consistent with the Court's views as above set forth,

It is ordered that plaintiff's motion for judgment notwithstanding the verdict is denied.

It is further ordered, however, that the verdict of the jury is vacated and set aside, and defendants are granted a new trial.

Exceptions are allowed to all parties.

1. See Norfolk Southern Ry. Co. v. Davis Frozen Foods, Inc., 4 Cir., 195 F.2d 662, 665.

2. Davis Frozen Foods, Inc. v. Norfolk Southern Ry. Co., 4 Cir., 204 F.2d 839, 841; J. R. Watkins Co. v. Raymond, 8 Cir., 184 F.2d 925.

3. Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440.

4. Id., at pages 441, 442.