## O. H. STEELEY v. DARE LUMBER COMPANY.

(Filed 18 February, 1914.)

1. **Pleadings—Amendments—Courts.**

An amendment to a complaint allowed by the court before proceeding with the trial, which merely perfects the allegations therein made, is not objectionable as stating a new cause of action. *Simpson v. Lumber Co.*, 133 N. C., 95, cited and applied.

2. **Evidence—Questions and Answers—Objections and Exceptions—Appeal and Error.**

When exception is taken to the exclusion of a question asked a witness, it must in some way be made to appear what the answer to the question would have been, so that the Court may determine whether its exclusion was prejudicial to the appellant.

3. **Evidence—Questions at Issue.**

When the issue in an action to recover damages for a personal injury alleged to have been negligently inflicted involves the safety of working at an alleged defective machine, which the plaintiff was operating, a question asked a witness as to the safety of working at the machine is directed to the very question submitted to the determination of the jury, and was properly excluded.

4. **Evidence — Compromise — Prejudicial Error—Harmless Error—Appeal and Error.**

The admission of testimony in this case that the action was brought after the witness, an attorney in the case, had endeavored to compromise it, is not held to be reversible error, as the facts show that it could not have materially affected the result of the trial, and therefore was not prejudicial to the appellant.

5. **Appeal and Error—Assignments of Error.**

Assignments of error not stated according to the rules of the Supreme Court will be disregarded.

6. **Master and Servant—Negligence—Duty of Master—Safe Appliances—Inspection—Instruction to Servant.**

The plaintiff was injured while operating, as an employee of the defendant, a machine for making shingles, and there was evidence tending to show that the machine was defective, that the plaintiff was inexperienced and had not been properly instructed in its operation or warned of its dangerous character, and evidence *per contra*. While the assignments of error were

STEELEY *v.* LUMBER ·CO.

not made in accordance with the rules of this Court, the prin-
ciples relative to the duty of the master to provide a safe place
to work and approved appliances for the employee, and to
inspect them at reasonable intervals, and to warn and instruct
the employee, are discussed by WALKER, J.

**7. New Trials—Motions—Newly Discovered Evidence.**

Motions made in this Court for a new trial, based upon the
ground of newly discovered evidence, are not debatable. The
motion in this case is denied, the evidence being largely cumula-
tive, and it being improbable that a new trial will result differ-
ently; it also appearing that the movant had not exercised due
diligence to secure the evidence at the proper time. *Warwick v.
Taylor*, 163 N. C., 68, cited and applied.

APPEAL by defendant from *Bragaw, J.,* at November Term,
1913, of PASQUOTANK.

This action was brought to recover damages for injuries
alleged to have been sustained by the plaintiff and caused by
negligence of defendant. Plaintiff was employed in operating a
machine for making shingles. It was made up of a bench or
frame, about waist high, upon which was set horizontally upon
a plane a saw about 3 feet in diameter, and it was provided with
a carriage upon which the blocks were fed to the revolving saw.
There was a lever and a clutch to start and stop the machine.

Plaintiff testified: "I was put to work at a shingle machine;
there were two in the mill; saw was about 3 feet in diameter,
horizontal carriage to carry blocks to the saw. Juniper blocks
were sawed into shingles. The blocks were 20 inches in length,
and slabbed on two sides; the saw flew around. The carriage
would carry blocks up to the saw; there was no machinery
around the carriage. Had to catch the blocks and throw them
into the carriage without stopping it. Mr. Holloman, the fore-
man, employed me, and told me to go and take the machine;
Sawyer had been driving it. He gave me no caution or warn-
ing, nor any instructions how to work it. I had never had any
experience with machines of this or any other kind. Had been
working only four or five days when I got hurt; had been em-
ployed three or four weeks. I had the block in the machine;
it was the right length when I put it in — one end cut out

sloping. As the shingles were cut off the lower side of the block, it became too short for the dogs to hold. I tried to stop the carriage by using my right hand and holding the block with the left, steadying the block; the carriage would not stop— the clutch was out of order. By using the lever, I could not stop the carriage. I snatched on it two or three times; the saw snatched the block, and my hand fell on the saw, and the saw cut my fingers at the joint on the first and third fingers and stiffened the middle finger. Holloman came in and carried me to Dr. McMullan's; he cut the bone of my hand and stitched the flesh; it hurt. I did not get well till nearly spring; hurt clear till it got well. Thoughts of never using my finger hurt me. Lost three months from work; could not do anything; went hungry; had no wood. If the clutch had worked, it would have stopped the carriage instantly. I cannot say what was the matter with the clutch; it would not stop the carriage. It was so it would not stop the carriage when I first went to work there. It was worn and out of order. It would not work. I cannot tell what was the matter with it. The defendant told me to push forward with the work; it was behind with the work. Mr. Holloman was about in 10 feet of me when hurt."

Under the evidence and instructions of the court, the jury returned a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

*W. L. Cahoon, I. M. Meekins, and Ward & Thompson for plaintiff.*

*E. F. Aydlett for defendant.*

WALKER, J., after stating the case: There was evidence of contributory negligence in this case, but it was fairly and properly submitted to the jury, in connection with evidence which tended to exonerate the plaintiff from blame, and we find no error in respect to the second issue, nor do we understand that appellant claims that there was any.

First exception: Plaintiff was permitted to amend his complaint over defendant's objection, upon the ground that it was adding a new cause of action; but we do not think so. It was

merely.perfecting the allegations of the cause already stated in the complaint, which is permissible. The very question was so decided in *Simpson v. Lumber Co.*, 133 N. C., 95, where we held that a complaint stating that damage by fire was caused by the careless and negligent failure to provide an engine with spark arresters may be amended by alleging further that defendant was also negligent in allowing inflammable material to accumulate unnecessarily upon its right of way, thereby increasing the danger to adjacent property from fire set out by its engines. The judge was liberal with the defendant, for the allowance of the amendment to be made was coupled with the option given, at the same time, to the defendant to proceed with the trial or to continue it, as it might elect. Besides, in our opinion, the amendment was not an essential one, and plaintiff could just as well have recovered upon the original complaint, the allegations being fully sufficient for that purpose.

Second exception: A witness for the plaintiff, A. B. Holloman, was asked, on cross-examination by defendant's counsel, the following question, which was excluded: "How is that machine as to safety of one working it?" It does not appear what the response would have been, if the witness had been permitted to answer it, and, therefore, we cannot see or know that there was any error. "The general rule is that the party asking the question which is excluded must disclose to the court what he expects to prove by the witness," for the reason that the court must be able to judge of the competency or materiality of the evidence proposed to be elicited—not the counsel. The rule and the procedure under it are fully stated in the case of *In re Smith's Will*, 163 N. C., 464, citing *Boney v. R. R.*, 155 N. C., 95; *Whitmire v. Heath*, 155 N. C., 304, and other precedents. But if the witness was expected to state that the machine was safe—and we infer from his previous statement that he would have so answered—the question was not competent, and similar questions have been so held by this Court. *Marks v. Cotton Mill*, 135 N. C., 287; *Seawell v. R. R.*, 133 N. C., 515; *Rayner v. R. R.*, 129 N. C., 195; *Phifer v. R. R.*, 122 N. C., 940.

In *Marks v. Cotton Mill, supra,* it was said: "As to whether the speeder is so constructed as that its operation was safe to the defendant's employees was the very question upon which the parties were at issue, and which the jury were impaneled to decide. The witness's opinion upon that question was incompetent, and the plaintiff's objection to it should have been sustained."

· Third and fourth exceptions: The defendant proved by its witness C. P. Brown, one of its employees, that plaintiff had told him he wished to withdraw the suit, but his attorney would not let him do so. Plaintiff, in reply to this question, introduced as a witness plaintiff's attorney, who testified that he had not brought the suit against the plaintiff's wishes. He was then asked by defendant's counsel if Steeley had ever requested him to withdraw the suit, but there was no answer given by the witness, and the defendant's objection, therefore, falls within the rule just stated in considering the second exception. The witness did state, later on, that the suit was brought after he had tried to compromise it. If the admission of this evidence was erroneous, it is not sufficient to invalidate the verdict, as it could not materially have affected the result. Plaintiff's attorney doubtless reasoned, if he gave the advice to his client, that the suggested course was directed by wisdom and prudence, or, perhaps, he thought the defendant was not liberal enough in its offer to receive for it favorable consideration, and he acted strictly in favor of his client's interests and fully within his right as an attorney. It appears, too, that the parties were negotiating for a settlement or compromise of their differences, and what was said under the circumstances, if competent, would be entitled to little or no consideration as controlling or even influential testimony.

If there was error, and we do not concede it, the damage was too remote and infinitesimal to warrant a reversal. "There must be prejudicial and not merely theoretical error. Verdicts and judgments should not be lightly set aside upon grounds which show the alleged error to be harmless or where the appellant could have sustained no injury from it. There should

be at least something like a practical treatment of the motion to reverse, and it should not be granted except to subserve the real ends of substantial justice." *S. v. Smith,* 164 N. C., 476.

The motion for another trial should be meritorious and the grounds not so slight as to be trivial, for the foundation of the motion is the allegation of injustice and the prayer is for relief. If no real wrong has been suffered, there is nothing to be relieved against. "Courts are instituted to enforce right and restrain and punish wrong. Their time is too valuable for them to interpose their remedial power idly, and to no purpose. They will only interfere, therefore, where there is a prospect of ultimate benefit." *S. v. Smith, supra; McKeel v. Holloman,* 163 N. C., 132. There are other reasons for sustaining the ruling, but they need not be stated, as those we have given are sufficient.

The other assignments of error are not stated according to the rule of this Court, and might be disregarded. *Wheeler v. Cole,* 164 N. C., 378. But notwithstanding this departure from the settled procedure, we will refer to them briefly.

Fifth, sixth, and seventh exceptions: They are too broadly stated, having been taken to the entire charge, without specifying any error therein.

Eighth, ninth, tenth, and eleventh exceptions: These were taken to the refusal of the court to give the first, second, third, and fourth prayers for instructions to the jury. The first prayer appears to have been given, and if not, there was no exception noted to any refusal to give it, upon which an assignment of error could be based. The other prayers were predicated upon the theory that Steeley, the plaintiff, had sufficient capacity and previous experience in the management of such machines to know how to operate this one without any instructions from the defendant, and that he had admitted having such capacity and experience to defendant's manager. We have read the charge carefully, and find that the judge fully and sufficiently responded to these prayers for instruction, and almost in their very language. The court gave the fifth, sixth, seventh, and eighth prayers, as the record states. The refusal

to give the ninth prayer, as to the diminution of the plaintiff's earning capacity by the injury, does not appear to have been assigned as error; but if it had been, we think there was some evidence, even though slight it may be, that his earning capacity is not as good now as it was before he was hurt in the operation of the machine. The prayer was, therefore, properly disregarded. The errors last assigned are the refusal of the court to grant a new trial, and the signing of the judgment for plaintiff. These are merely formal, and require no comment.

Defendant contends that there was no sufficient time for it to ascertain the defect in the clutch of the machine or its dangerous condition; but this was for the jury upon the facts. There was, at least, some evidence of negligence in this respect.

These principles appear to be settled:

First. Where there is evidence tending to show that an injured employee did not have a reasonably safe place to work, or was not instructed as to the danger attending the act he was told to do, the question whether it was a reasonably safe place to work or whether the failure to warn him of the danger was the proximate cause of the injury should be submitted to a jury. The evidence that there was a safe way to do the particular work required of the plaintiff, as appears in this case, did not authorize a withdrawal of the case from the jury, in view of the evidence we find in the record. When more than one inference can be drawn as to defendant's negligence or the proximate cause of the injury, the question of liability is for the jury.

Second. It is the negligence of the employer in not providing for his employees reasonably safe machinery and a reasonably safe place in which to work that renders him liable for any resulting injury to them; and this negligence may consist in his failure to adopt and use the approved appliances which are in general use and necessary to the safety of the employees in the performance of their duties.

Third. A master owes to a servant the duty to carefully inspect, at reasonable intervals, the machinery, ways and appliances provided for the use of the servant in the performance of

his work, and it is not essential to his liability for an injury to the servant that he should actually know of the defect causing the injury.

Fourth. Generally speaking, an employer is bound to warn and instruct his employees concerning dangers known to him, or which he should know in the exercise of reasonable care for their safety, and which are unknown to them, or are undiscoverable by them in the exercise of such ordinary and reasonable care as in their situation they may be expected and required to take for their own safety, or concerning such dangers as are probably not appreciated by them, by reason of their lack of experience, their youth, or through general incompetency or ignorance; and unless the servant is so warned or instructed, he does not assume the risk of such dangers; but if he receives an injury without fault on his part, in consequence of not having received a suitable warning or instruction, the master is bound to indemnify him therefor.'

The above rules are supported by numerous authorities. *Norris v. Mills,* 154 N. C., 474; *Marks v. Cotton Mills,* 135 N. C., 290; *West v. Tanning Co.,* 154 N. C., 44; *Womble v. Grocery Co.,* 135 N. C., 486; *Dorsett v. Manufacturing Co.,* 131 N. C., 254; *Holton v. Lumber Co.,* 152 N. C., 69; *Cotton v. R. R.,* 149 N. C., 227, and other cases cited in *West v. Tanning Co., supra.* The master is not an insurer of the servant's safety, but he does guarantee that he will exercise reasonable care to see that he is not injured by dangerous machinery or unsafe surroundings; and when the legal fault is his, and not that of the servant, he becomes liable to the latter for any resultant injury. It is culpable negligence on his part that is the test. Under these rules, the case was properly submitted to the jury, upon the evidence, to determine the issues raised between the parties.

The charge of the court was full and accurate and presented every possible phase of the case to the jury. Upon a careful review of the entire case, we can find no legal ground for disturbing the verdict.

No error.

WALKER, J. There was a motion in this case for a new trial, based upon the ground of newly discovered evidence. This kind of motion is not debatable before us. It is submitted without argument. We have examined the affidavits filed in support of it, and find that the new evidence is largely cumulative, nor are we satisfied that the defendant exercised due diligence to secure it at the proper time. It has not, therefore, brought its application within the well settled rules governing such cases. *Johnson v. R. R.,* 163 N. C., 431, at p. 453, and cases cited therein. We cannot find in the affidavits offered any sufficient proof of due diligence or of new and substantive evidence, nor are we convinced by the proof offered that any real or material injustice has been done by reason of the unavoidable failure to produce the alleged new evidence at the trial, nor does it appear to us probable that on a new trial a different result will be reached and the right prevail. In such a case, we must deny the request. *Warwick v. Taylor,* 163 N. C., 68.

Motion denied.