BEULAH HATCHER BEMONT v. WILLIAM L. ISENHOUR, JR. AND MARJORIE D. ISENHOUR, T/A BLYTHE AND ISENHOUR.

(Filed 29 October, 1958.)

**1. Master and Servant § 14—**

An employer owes the duty to an employee to exercise ordinary care to provide a reasonably safe place to work and reasonably safe ingress and egress.

**2. Negligence § 4f—**

An employee, in using the means provided by the employer and the employer's contractor for ingress to the place of work, is not a licensee but an invitee, and the contractor engaged in enlarging the building under contract with the employer owes the duty to exercise the care of a reasonably prudent person not to render the entrance dangerous to those properly using it.

**3. Same— Evidence held sufficient to be submitted to jury on issue of negligence in failing to provide invitee safe place to walk and not to show contributory negligence as matter of law.**

Evidence tending to show that the employer, while its building was being enlarged, designated the entrance to be used by employees, that the contractor, in performing the work, had broken the concrete walkway to that entrance and placed boards over the broken areas, that the end of a brace of the scaffolding protruded some 8 to 18 inches into the doorway, and that plaintiff employee, hurrying in the rain and picking her way over the portions of the broken concrete along the boards, hit her head on the projecting portion of the brace, with further evidence that several others had entered just ahead of plaintiff without observing the projecting brace, *is held* sufficient to be submitted to the jury on the issue of the contractor's negligence and not to disclose contributory negligence as a matter of law on the part of the employee.

**4. Negligence § 11—**

A pedestrian is required to exercise the care of a reasonably prudent man to avoid being injured, the rule being constant while the degree of care varies with the exigencies of the occasion. Whether the pedestrian's attention was distracted is a factor in determining the question.

PARKER, J., not sitting.

APPEAL by defendants from *Pless, J.,* March 10, 1958 Regular Term of MECKLENBURG.

Plaintiff, an employee of Rehabilitation & Spastics Hospital Center at Charlotte, was injured as she entered the hospital on her way to work. Her head struck a board extending into a doorway used by employees on their way to work. This board was placed by defendants as a part of a scaffold for use by brickmasons in work they had contracted for the extension and enlargement of the hospital. The work was done by defendants as independent contractors. The hospital was to function while the contractors were at work.

Plaintiff alleged her injuries were proximately caused by the negli-

gence of defendants. Defendants denied negligence causing injury and pleaded the affirmative defense of contributory negligence. Appropriate issues were submitted to the jury and answered in favor of plaintiff. From a judgment in conformity with the verdict defendants appealed.

*Harkey & Faggart for plaintiff, appellee.*
*John H. Small for defendants, appellants.*

RODMAN, J.    Defendants challenge plaintiff's right to recover by motions to nonsuit and by request for a directed verdict on the issues of negligence and contributory negligence. The questions raised by the motions and by the request to charge are the same. They are: (1) Was plaintiff a mere licensee to whom the only duty owing was not to willfuly or wantonly inflict injuries, or did defendants owe her the duty of exercising reasonable and ordinary care; (2) Does the evidence suffice to show lack of ordinary and reasonable care on the part of defendants; and (3) Does the evidence necessarily lead to the conclusion that plaintiff failed to exercise reasonable care for her own safety?

Plaintiff's employer owed her the duty of exercising ordinary care to provide a reasonably safe place to work and reasonably safe ingress and egress therefrom. *Bennett v. Powers,* 192 N.C. 599, 135 S.E. 535; *Elliott v. Furnace Co.,* 179 N.C. 142, 101 S.E. 611. Recognizing this obligation to its employees, the hospital arranged with the building contractors for periodic designation of ways that persons entering the hospital might use with safety. By agreement with defendants the door to be so used was indicated by a notice posted on the hospital bulletin board. The door plaintiff entered was so designated and had been so used for two or three weeks prior to her injury.

To hold that defendant owed no more duty to plaintiff than a property owner owes to a bare licensee would do violence to defendants' implied agreement not to render the designated way hazardous and would impose liability on the owner for failure to perform its duty to its employees. Plaintiff entered the doorway because of her duty to her employer. Her position with respect to defendants was at least that of an invitee. *Sledge v. Wagoner,* 248 N.C. 631; *Lee v. Green & Co.,* 236 N.C. 83, 72 S.E. 2d 33; *Hahn v. Perkins,* 228 N.C. 727, 46 S.E. 2d 854; *Pafford v. Construction Co.,* 217 N.C. 730, 9 S.E. 2d 408; *Brigman v. Construction Co.,* 192 N.C. 791, 136 S.E. 125; Annotations, 23 A.L.R. 1009. Defendants owed plaintiff and other employees of the hospital a duty to exercise the care of a reasonably prudent person not to render the entrance and passageway dangerous to those properly using it. *Harris v. Department Stores Co.,* 247 N.C. 195; *Sledge v.*

*Wagoner, supra: Copeland v. Phthisic,* 245 N.C. 580, 96 S.E. 2d 697; *Revis v. Orr,* 234 N.C. 158, 66 S.E. 2d 652.

The evidence from which it might be found that defendants breached their duty is, we think, ample to require submission to a jury. The accident occurred at 8:30 a.m. on 5 February. It was raining. The grounds and walkways, except where paved, were muddy. A door frame had been set as an entrance to the new wing. It would provide entrance along the same passageway as the old door. The new door was six feet wide and seven feet high. It had been partially bricked in prior to plaintiff's injury. To finish bricking and extending the wall of the wing, the bricklayers would need a scaffold. Late in the afternoon of 4 February the contractor erected a scaffold which was entirely outside of the doorway. This scaffold was braced by two pieces of two by eight in the form of an X. The upper portion of one of these pieces of wood projected into the doorway some eight or ten inches, as testified by defendants' superintendent of construction, or as much as 18 inches, according to other witnesses. There was a concrete walk from the grounds leading to this doorway. The concrete was two feet wide and adjacent to the side of the door nearest the scaffold. The projecting portion of the brace was over a portion of this concrete walkway. At or near the door the concrete walkway had been broken during the construction. Boards had been placed over these broken areas.

Plaintiff was driven by automobile to the concrete walkway. She alighted some seven or eight steps from the doorway and on the concrete walkway. She had no hat. She hurried to enter the building to avoid getting wet. She was picking her way over the broken portions of the concrete and along the boards when her head struck the projecting portion of the brace. That the projecting board was of such character and so placed as not to be readily discernible was shown by others who entered the same doorway just ahead of plaintiff. Defendants had not given any sign of warning that they had occupied a portion of the doorway which had been designated with their consent and approval for use by hospital employees. Whether the conduct of defendants sufficed to meet the test of the reasonably prudent person was a question for the jury.

Was plaintiff, as a matter of law, contributorily negligent?

The rule defining the duty of a pedestrian to exercise care for his safety is stated in *Watkins v. Raleigh,* 214 N.C. 644, 200 S.E. 424. It is there said: "A person traveling on a street is required in the exercise of due care to use his faculties to discover and avoid dangerous defects and obstructions, the care required being commensurate with the danger or appearance thereof. (Citations) He is guilty of contributory negligence if by reason of his failure to exercise such care he fails to discover and avoid a defect which is visible and obvious."

The care exercised or which should be exercised by a reasonably prudent man is standard while the degree of care which such person exercises varies with the exigencies of the occasion. *Diamond v. Service Stores*, 211 N.C. 632, 191 S.E. 358. *Dennis v. Albemarle*, 242 N.C. 263, 90 S.E. 2d 532, illustrates an application of the rule where the injured person's attention was distracted. Here plaintiff had no reason to suspect a violation of the implied promise given her to keep the way safe for passage. The defect cannot be said to have been readily visible and obvious—a fact demonstrated by evidence that several others had entered just ahead of plaintiff without observing this projecting board. It was at a point where reasonably it could be anticipated attention would be given to the conditions under foot because of the broken pavement covered by loose boards. She had to pick and choose her way. The heavy rain caused her to move in a hurry. The question of plaintiff's negligence was properly submitted to the jury.

We have examined the other exceptions but find nothing of which defendants can properly complain.

Affirmed.

PARKER, J., not sitting.