RUTH M. LEVY MACKLIN v. DR. JOHN DOWLER v. ROY J. ALLEY

No. 8117SC48

(Filed 18 August 1981)

1. **Master and Servant §§ 23, 23.3— duty to warn employee of danger—summary judgment improper**

   Plaintiff, a veterinarian's receptionist who was bitten by a dog after being instructed to help the owner carry the dog to his car, raised questions which should have been decided by a jury when she alleged that the veterinarian knew, or at least in his professional capacity should have known, of the danger involved when a dog is in a strange place, is in a stressful situation and has just received shots for rabies.

**2. Torts § 7— release of only one tortfeasor**

   Plaintiff's release of an owner of a dog from liability did not release the veterinarian for whom she worked where the allegations of plaintiff's complaint asserted the veterinarian was severally liable in negligently failing to warn plaintiff, his employee, of the potential dangers associated with his directive to help the owner carry the dog to the owner's car. G.S. 1B-4.

APPEAL by plaintiff from *Kivett, Judge.* Judgment entered 19 November 1980 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 4 June 1981.

Plaintiff, Ruth Macklin, alleges in her Complaint that on 21 June 1978, she was employed as a receptionist for the defendant Dr. John Dowler, a veterinarian. On that day, the third-party defendant, Roy Alley, brought his two German Shepherd dogs to Dr. Dowler's office for rabies shots. Dr. Dowler administered the shots and then directed his employee, Ruth Macklin, to assist Mr. Alley in getting the dogs into Mr. Alley's car. While providing assistance, Ms. Macklin was bitten by one of the dogs resulting in serious injuries to her face and nose.

Ms. Macklin contends (1) that Dr. Dowler was negligent in ordering her—an employee unskilled, untrained and inexperienced in handling animals—to assist in getting the dogs into Mr. Alley's car without warning her of the potential dangers of providing such assistance; (2) that Dr. Dowler knew, or reasonably should have known, that dogs in a strange and stressful environment after having just received rabies shots would likely attempt to bite a person trying to handle them; and (3) that Dr. Dowler failed to provide her with a safe place to work by directing her to perform a dangerous task—handling the dogs—when he knew that she was inadequately trained to perform such tasks and when he had available other employees with greater expertise in performing such a task.

Dr. Dowler, in his Answer, admitted much of what was alleged in Ms. Macklin's Complaint, but specifically denied that he ordered Ms. Macklin to assist in getting the dogs in the car, denied that she was acting within the scope of her employment at the time of her injury and denied that he knew she was unskilled in handling animals.

Ms. Macklin gave a covenant not to sue and a full release to Mr. Alley but specifically reserved in the release her right to pro-

ceed against Dr. Dowler. Dr. Dowler, however, joined Mr. Alley as a third-party defendant alleging that if he (Dr. Dowler) were found liable to Ms. Macklin, then Mr. Alley should indemnify him for all damages owing to Ms. Macklin.

At a pre-trial hearing, Dr. Dowler moved for summary judgment, and his motion was granted. Ms. Macklin is before us appealing from that grant of summary judgment.

*Gwyn, Gwyn & Morgan, by Allen H. Gwyn, Jr., for plaintiff appellant.*

*Leigh Rodenbough, for defendant appellee.*

BECTON, Judge.

I

At the outset, it should be noted that this is not a traditional dog-bite case in which the very old and out-dated rule of law — "every dog is entitled to one bite" — applies. Nor is this a case under the subsequently followed rule that "trial courts undertake to judge . . . the vicious propensities of animals by their behavior, although it may fall short of actual injury." *Hill v. Moseley,* 220 N.C. 485, 488-89, 17 S.E. 2d 676, 678 (1941). Knowledge of the natural, vicious propensities of the dog in question is *not* an essential element of Ms. Macklin's cause of action. Ms. Macklin has alleged, and would like the opportunity to prove, that Dr. Dowler, as her employer, had a duty to furnish her with a safe place to work, that he negligently ordered her to perform a known dangerous task, that he negligently failed to warn her of those dangers, and that his negligence proximately resulted in the injuries sustained by her.

[1] It is well-established in our jurisprudence that an employer must exercise the due care of a prudent person in like circumstances to provide a safe place for employees to work. *Bemont v. Isenhour,* 249 N.C. 106, 105 S.E. 2d 431 (1958). More significantly for this case, an employer also has a duty to warn an employee of dangers, which are known to the employer, inherent in the task the employee is directed to undertake. *Clark v. Roberts,* 263 N.C. 336, 139 S.E. 2d 593 (1965). This duty to warn should be exercised with greatest care when "by reason of youth, inexperience or incompetency the employees do not appreciate

[the danger]." *Watson v. Construction Company*, 197 N.C. 586, 590, 150 S.E. 20, 22 (1929); *Steeley v. Lumber Co.*, 165 N.C. 27, 80 S.E. 963 (1914).

Ms. Macklin alleged that Dr. Dowler knew, or at least in his professional capacity should have known, of the danger involved when a dog is in a strange place, is in a stressful situation and has just received shots for rabies. Ms. Macklin's allegations raise questions of fact which should have been decided by a jury. Summary judgment is appropriate only when no issue of material fact exists, and it should be granted sparingly in negligence cases in which juries are required to apply the reasonable person standard on the facts presented to them. *Williams v. Power & Light Co.*, 296 N.C. 400, 402, 250 S.E. 2d 255, 257 (1979); *Willis v. Power Co.*, 42 N.C. App. 582, 590, 257 S.E. 2d 471, 477 (1979). An issue of fact exists as to whether Dr. Dowler was negligent in directing Ms. Macklin to assist with the loading of the dogs into Mr. Alley's car. An issue of fact exists as to whether Dr. Dowler knew of the dangers associated with his order and whether he should have warned Ms. Macklin of those dangers. For the foregoing reasons then, the trial court committed error in granting summary judgment for the defendant, Dr. Dowler.

II

[2] In defense on appeal, Dr. Dowler argues that the release given by Ms. Macklin to Mr. Alley also released him, Dr. Dowler, from any liability. Ms. Macklin contends, however, that the Uniform Contribution Among Tortfeasors Act as adopted by North Carolina is controlling in this situation. G.S. 1B-4 provides that when a release is given to one of two or more tortfeasors, it does not discharge any of the remaining tortfeasors unless its terms specifically provide for such a discharge. *Id.* No discharge of Dr. Dowler's potential liability appears in the release given to Mr. Alley.

Dr. Dowler contends that G.S. 1B-4 is inapplicable because the statute only applies to tortfeasors who are jointly and severally liable. Dr. Dowler argues that any liability he may have to Ms. Macklin is passive, secondary liability derived from the negligence of Mr. Alley. These contentions are without merit. The allegations in Ms. Macklin's Complaint assert that Dr. Dowler is severally liable for negligently failing to warn Ms. Macklin, his

employee, of the potential dangers associated with his directive to her. The theory of several liability prevents, in this case, the release to Mr. Alley from affecting Ms. Macklin's cause of action against Dr. Dowler.

The trial court's grant of summary judgment was in error. Therefore, we reverse that judgment and order a full trial on the merits.

Judge VAUGHN and Judge ARNOLD concur.