CLYDE BENJAMIN BAKER, JR. AND WIFE, BRENDA L. BAKER, CECIL L. BERRY, JR. AND WIFE, DIANA PRICE BERRY, ROBERT LEE BROWN, DONALD R. CAMPBELL AND WIFE, TOMMIE JO CAMPBELL, MELVIN EDWARD CARTER AND WIFE, WANDA J. CARTER, HERBERT E. HALL AND WIFE, KATHLEEN B. HALL, JAMES M. HOLT, SR. AND WIFE, DOROTHY HOLT, FLOYD ISOM, SR. AND WIFE, BEULA LAWSON ISOM, WALTER LEE JONES AND WIFE, BETTY B. JONES, ALBERT W. LAWS AND WIFE, BRENDA C. LAWS, MILDRED E. LAWS AND HUSBAND, DAVID LAWS, KENDALL R. LINKER, CLYDE CARL MARSH, JOHN G. MILLER, JAMES D. PARKS AND WIFE, LORETTA PARTS, AND MARY FRANCIS PRICE, PLAINTIFFS V. ARTHUR LEE IVESTER, DEFENDANT

No. COA01-258

(Filed 21 May 2002)

**Workers' Compensation— asbestos abatement—negligence action by one employee against another—no willful, reckless or wanton conduct**

The trial court did not err by entering summary judgment for defendant in an action seeking damages for injuries caused by workplace exposure to asbestos where plaintiffs and defendants were co-employees of Fieldcrest; defendant was employed as a supervisor in Fieldcrest's industrial hygiene department with asbestos responsibilities; there was nothing in the record to suggest that defendant had personal contact with any of the plaintiffs; and plaintiffs do not contend that defendant had an actual intent to injure the individual plaintiffs. The record clearly establishes that defendant did not engage in the type of willful, reckless and wanton conduct contemplated by the exception to Workers' Compensation ban on common law actions between employees.

**BAKER v. IVESTER**

[150 N.C. App. 406 (2002)]

Appeal by plaintiffs from summary judgment entered 1 September 2000 by Judge Robert M. Burroughs in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 February 2002.

*Wallace and Graham, P.A., by Michael B. Pross, Edward L. Pauley and Mona Lisa Wallace, for plaintiff-appellants.*

*Anderson, Korzen & Associates, P.C., by John J. Korzen for plaintiff-appellant.*

*Harry C. Martin, for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, L.L.P., by Jeri L. Whitfield, Manning A. Connors and Stephanie E. Stark, for defendant-appellee.*

*North Carolina Academy of Trial Lawyers, by Stella A. Boswell, for amicus curiae.*

BIGGS, Judge.

Plaintiffs are former employees, and spouses of former employees, of Fieldcrest Cannon, Inc. (Fieldcrest). Defendant was employed by Fieldcrest as an industrial hygienist, from 1976 to 1997. In 1997, plaintiffs filed suit against defendant, four other Fieldcrest employees, and Fieldcrest, seeking damages for illness and injury caused by workplace exposure to asbestos. On 28 May 1998, the trial court divided the plaintiffs into four classes, designated A, B, C, and D. The present appeal involves only the Class C group: plaintiffs and spouses who (a) worked for Fieldcrest within ten years of filing the complaint, and (b) had claims only against the individual defendants, but not against Fieldcrest. On 1 July 1998, after the case was severed into four plaintiff classes, defendant, with the others who had been sued, moved for summary judgment. Prior to argument on the summary judgment motion, the plaintiffs entered a voluntary dismissal against all parties sued except Ivester, the defendant in the present appeal. The motion was heard on 7 April 2000, and on 1 September 2000, the trial court granted summary judgment in favor of defendant. Plaintiffs appeal from this order.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, 56(c) (2001). "An issue is material if the

facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). "Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000). However, "the party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact." *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citation omitted).

On appeal, this Court's standard of review involves a two-step inquiry, to determine if (1) the relevant evidence establishes the absence of a genuine issue as to any material fact, and (2) either party is entitled to judgment as a matter of law. *Von Viczay v. Thoms*, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000), *aff'd*, 353 N.C. 445, 545 S.E.2d 210 (2001) (citations omitted). Furthermore, "the evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998).

In the instant case, plaintiffs have filed suit against defendant, who is their co-employee, for damages associated with exposure to asbestos while working at Fieldcrest. Plaintiffs do not contend that there is any issue of material fact, and acknowledge that "[t]he facts are not in dispute." However, plaintiffs contend that the trial court erred by finding defendant entitled to judgment as a matter of law. Consequently, we first review the law governing claims by an employee against a co-employee.

"The Workmen's Compensation Act . . . [bars] an employee subject to the Act whose injuries arise out of and in the course of his employment [from maintaining] a common law action against a negligent co-employee." *Strickland v. King and Sellers v. King*, 293 N.C. 731, 733, 239 S.E.2d 243, 244 (1977). However, the North Carolina Supreme Court has recognized that the Workers' Compensation Act does not prevent an employee from bringing a suit against a co-employee for intentional torts, "willful, wanton and reckless negligence," or behavior that is "manifestly indifferent to the consequences." *Pleasant v. Johnson*, 312 N.C. 710, 714, 715, 325

S.E.2d 244, 248 (1985). The Court defined the relevant terms as follows:

'[W]anton' conduct [is] an act manifesting a reckless disregard for the rights and safety of others. The term 'reckless', as used in this context, appears to be merely a synonym for 'wanton[.]'. . . . The term 'willful negligence' has been defined as the intentional failure to carry out some duty imposed by law or contract which is necessary to the safety of the person or property to which it is owed. A breach of duty may be willful while the resulting injury is still negligent. . . . Even in cases involving 'willful injury,' however, the intent to inflict injury need not be actual. Constructive intent to injure . . . exists where conduct threatens the safety of others and is so reckless or manifestly indifferent to the consequences that a finding of willfulness and wantonness equivalent in spirit to actual intent is justified.

*Id.* at 714-15, 325 S.E.2d at 248. The issue, therefore, is whether defendant's conduct, viewed in the light most favorable to the plaintiff, was willful, wanton, or reckless, so as to fall within the *Pleasant* exception. A review of the case law since *Pleasant* suggests that, on the facts of this case, the exclusivity provision of the Workman's Compensation Act precludes plaintiffs from maintaining a common law action against defendant.

In *Echols v. Zarn, Inc.*, 116 N.C. App. 364, 448 S.E.2d 289 (1994), *aff'd* 342 N.C. 184, 463 S.E.2d 228 (1995), plaintiff was injured when she performed a machine operation in violation of company rules, on instructions from defendant, who was plaintiff's supervisor, and in charge of enforcing safety rules. On these facts, the Court found the evidence insufficient to support "an inference that [defendant] intended that plaintiff be injured or that she was manifestly indifferent to the consequences of [plaintiff's actions.]" *Id.* at 376, 448 S.E.2d at 296. *See also Pendergrass v. Card Care, Inc.*, 333 N.C. 233, 424 S.E.2d 391 (1993) ("[defendants] may have known certain dangerous parts of the machine were unguarded when they instructed [plaintiff] to work at the machine, [but] we do not believe this supports an inference that they intended that [plaintiff] be injured or that they were manifestly indifferent to the consequences of his doing so.")

This Court recently addressed a situation similar to that of *Pendergrass* and *Echols*, in which the plaintiff, while under the influence of prescribed medication, was injured when she operated a machine at the direction of her supervisor, who (1) was in charge of

employee safety; (2) knew of the machine's danger; and (3) also knew about plaintiff's medication. This Court held that "[i]n light of the holdings in *Echols* and *Pendergrass*, we do not believe [defendant's] actions support an inference that he intended that plaintiff be injured or was manifestly indifferent to the consequences of her operating the picker machine." *Bruno v. Concept Fabrics, Inc.*, 140 N.C. App. 81, 87, 535 S.E.2d 408, 412-13, (2000).

In the case *sub judice*, it is not disputed that plaintiffs and defendant were co-employees of Fieldcrest. Defendant was employed as a supervisor in Fieldcrest's industrial hygiene department. His role at Fieldcrest was to make the company's management aware of health problems, such as exposure to cotton dust, excessive noise, and asbestos, and to assist in developing recommendations and policies for responding to these industrial health risks. Defendant was also the company's senior industrial hygienist in the area of asbestos abatement. As such, defendant chaired Fieldcrest's asbestos subcommittee, within the company's Environmental Compliance committee, and made recommendations to Fieldcrest management regarding environmental and statutory guidelines for asbestos abatement. He was also responsible for keeping Fieldcrest's management apprised of relevant OSHA regulations; developing a corporate plan for management of asbestos; and assisting the company president with monitoring and reviewing Fieldcrest's compliance with asbestos safety regulations.

Nothing in the record suggests that defendant had personal contact with any of the plaintiffs; nor do plaintiffs contend that defendant had an actual intent to injure individual plaintiffs. Rather, plaintiffs apparently contend that defendant's job performance was so deficient that as a matter of law it constituted willful, wanton, and reckless negligence. We do not agree.

Fieldcrest, as plaintiffs' employer, had the duty to provide its employees with "a place of employment free from recognized hazards that are causing or are likely to cause death or serious injury or serious physical harm to his employees[.]" N.C.G.S. § 95-129(1) (1999). Indeed, "[i]t is well established in our jurisprudence that an employer must exercise the due care of a prudent person . . . to provide a safe place for employees to work." *Macklin v. Dowler*, 53 N.C. App. 488, 490, 281 S.E.2d 164, 165-66 (1981).

Plaintiffs appear to argue that, by assigning defendant tasks pertaining to asbestos abatement, Fieldcrest shifted their respon-

sibility for workplace safety to defendant. However, as previously discussed, defendant owed his co-employees only the duty to exercise reasonable care and to avoid willful, wanton and recklessly negligent conduct. *Pleasant*, 312 N.C. 710, 325 S.E.2d 244. Plaintiffs have presented no evidence that Fieldcrest's obligations were transferred to defendant. *See Brooks v. BCF Piping*, 109 N.C. App. 26, 426 S.E.2d 282 (1993) (employer's duty to provide safe workplace generally is nondelegable). Thus, plaintiffs' evidence tending to suggest that Fieldcrest may have breached its duty of care towards its employees does not establish a cause of action against defendant.

Plaintiffs failed to present evidence that defendant breached any duty owed to individual plaintiffs, or that he acted with actual or constructive intent to injure any individual plaintiffs. Further, plaintiffs have not cited any basis upon which to hold defendant individually liable for an industrial disease. There is nothing in the record indicating that defendant concealed from Fieldcrest, which had the legal responsibility for workplace safety, the fact that asbestos was an issue requiring Fieldcrest's attention. The record establishes that Fieldcrest was informed of its responsibility to ensure the safety of its employees in regard to exposure to asbestos, and that defendant participated in the company's efforts to address asbestos-related problems.

We conclude that the record evidence clearly establishes as a matter of law that defendant did not engage in the type of 'willful, reckless and wanton' conduct contemplated by the holding of *Pleasant*. We further conclude that, on the record before the trial court, the entry of summary judgment for defendant was not error. Accordingly, we affirm the trial court.

Affirmed.

Chief Judge EAGLES and Judge McCULLOUGH concur.