*********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence, rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of Deputy Commissioner Taylor with minor modifications.
 *********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are properly before the Industrial Commission, and the Commission has jurisdiction over the subject matter and over the parties.
2. On June 29, 2002, as a proximate result of tripping on an eye-bolt located at the entrance of the State Government Mall on North Wilmington Street, between the Revenue and *Page 2 
Education Buildings, plaintiff sustained a fracture of the base of the right 5th metatarsal. A copy of all medical records related to this injury were attached to the Stipulations.
3. The defendant contracted with O'Brien Atkins, Inc. and Polovich Construction to do the architectural and construction work respectively on the construction at the entrance of the State Government Mall, which construction work was being done at the time of plaintiff's injury. True and accurate copies of the two contracts governing said work were attached for consideration as evidence in the case.
4. The plaintiff contends the issues for determination are:
 A. Whether the defendant was negligent in not marking the eye-bolts with warning signs, cones or other warning devices;
 B. If the defendant was negligent in not marking the eye-bolts with warning signs, cones or other warning devices, who was the State employee responsible for that negligence;
 C. Whether the plaintiff was contributorily negligent in not seeing the eye-bolts prior to tripping thereon; and
 D. The amount of damages, if any, to which plaintiff is entitled.
5. The defendant contends the issues for determination are:
 A. Whether defendant was negligent in not marking the eye-bolts with warning signs or cones?
 B. If defendant is negligent, which is denied, whether plaintiff was contributorily negligent? *Page 3 
 C. If defendant is negligent, which is denied, whether the acts of the contractor and/or architect were the intervening and superceding cause of plaintiff's injury?
 D. What damages, if any, is plaintiff entitled?
 *********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff lives in Raleigh, North Carolina. Her home is close to the state government Halifax Mall framed by buildings housing the Department of Public Instruction and the Department of Revenue, as well as the Dobbs, Archdale, and Legislative Office Buildings. The Halifax Mall is a place frequently used for recreational purposes on the weekends.
2. On Saturday, June 29, 2002, plaintiff walked her dog from her home to Halifax Mall. As plaintiff entered Halifax Mall, she tripped on an eye-bolt, which protruded from the walkway. Plaintiff sustained a broken fifth metatarsal in her right foot.
3. At the time plaintiff tripped, the State, through the Department of Administration, was installing security barriers to insure the safety of the buildings on the mall and their occupants against terrorist attack. Defendant had contracted with the architectural firm of O'Brien Atkins for the design and with Polovich Construction Company for the actual construction and installation of the barriers.
4. Alain Coidan was the State employee responsible for oversight of the construction project. His duties included ensuring that the area was safe for pedestrian traffic. Although subpoenaed, Mr. Coidan did not appear at the hearing. *Page 4 
5. Oversight of the project required Mr. Coidan to notify the architectural firm of any problems with construction and O'Brien Atkins was to work with Polovich to remedy any problems. The contracts the defendant had with both the architectural firm and the construction company contained General Conditions, which included, among other conditions, the following:
 SAFETY REQUIREMENTS
 a. The contractor shall be responsible for the entire site and the construction of the same and provide all the necessary protections as required by laws or ordinances governing such conditions and as required by the Owner or Designer. He shall be responsible for any damage to the Owner's property, or that of other on the job, by himself, his personnel or his subcontractors, and shall make good such damages. He shall be responsible for and pay for any claims against the Owner arising from such damages.
6. Among other requirements of the project, Polovich had installed eye-bolts to anchor bollards that could be removed for authorized vehicular traffic. On the date of plaintiff's injury, the eye-bolts had been installed in the walkway, but no bollards had been attached. The eye-bolts were approximately 1 1/8 inches high.
7. Flanking the entrance walkway being used by plaintiff were orange barricades and warning tapes alerting pedestrians to the work being done. Polovich Construction, however, had placed no warning signs or other means of warning pedestrians, including plaintiff, of the small protrusions of eye-bolts.
8. The Full Commission finds that Alain Coidan, whose State office is adjacent to the site of the construction, failed to assure that the eye-bolts were marked with warning signs.
9. At the hearing before the Deputy Commissioner, the plaintiff testified that although she had frequented the mall on prior occasions, she had not been to the mall since construction had begun. Plaintiff further testified that she tripped on the eye-bolts, because she *Page 5 
was distracted by the signs warning of construction dangers on both sides of the entrance to the mall.
10. Plaintiff testified that for six months, following the incident, she experienced considerable pain and suffering as a result of her broken foot; she took ibuprofen to relieve that pain. Plaintiff used crutches for two weeks. While her recovery has been remarkably good, she still experiences pain when the weather changes.
11. The Full Commission finds that as a direct and proximate result of her tripping on an eye-bolt protruding from the walkway at Halifax Mall, plaintiff fractured the fifth metatarsal of her right foot and incurred the following damages: medical expenses of $1,074.90; lost wages of $1,494.70; lost use of YWCA membership benefits of $80.00; charges of $55.00 for hiring persons for dog walking; forfeiture of $200.00 paid for ballet/pilates classes.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff was an invitee of defendant at the time of her accident.Bemont v. Isenhour, 249 N.C. 106, 105 S.E. 2d 431 (1955).
2. Polovich Construction Co. was an agent of the defendant and was negligent in not marking the protruding eye-bolts it installed as a part of its project with the defendant so as to warn pedestrians of the danger of the walkway. Daniel v. UNC-Chapel Hill, TA-14695 (filed 23 March 2000).
3. The defendant's duty to maintain the safety of its sidewalks is nondelegable, Carrick v. Southern Power Co., 157 N.C. 378, 72 S.E. 1056
(1911). Polovich's negligence is *Page 6 
imputed to the defendant, Medley v. N.C. Department of Correction,330 N.C. 837, 412 S.E. 2d 654 (1992), and is not an intervening or superseding cause of plaintiff's accident. Defendant's contracts with O'Brien Atkins and Polovich Construction did not absolve it of liability, but rather gave it a cause of action for subrogation in this matter.
4. Alain Coidan, an employee of defendant, was also negligent in failing to monitor the project and to warn plaintiff and other pedestrians of the eye-bolts protruding from the mall walkway.Daniel v. UNC-Chapel Hill, supra.
5. Plaintiff was diverted by other warning signs not related to the eye-bolt on which she tripped and was not contributorily negligent in causing her injury. Pulley v. Rex Hospital, 326 N.C. 701,392 S.E. 2d 380 (1990); Dennis v. City of Albemarle, 242 N.C. 263,87 S.E.2d 561 (1955); Norman v. N.C. Department of Transportation,161 N.C. App. 211, 588 S.E.2d 42 (2003), cert. denied, 358 N.C. 545,599 S.E.2d 404 (2004); Price v. Eckerd Corp., 100 N.C. App. 732,398 S.E.2d 49 (1990).
6. As a result of defendant's negligence, plaintiff sustained a broken right foot. Reasonable damages related to this claim, including pain and suffering are $12,000.00.
 * * * * * * * * * * *
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission hereby enters the following:
 O R D E R
1. Defendant shall pay plaintiff the sum of $12,000.00 as reasonable compensation for the injuries she sustained on June 29, 2002.
2. Defendant shall pay the costs.
This the __ day of May 2007.
 S/________________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/________________ BERNADINE S. BALLANCE COMMISSIONER
 S/________________ DIANNE C. SELLERS COMMISSIONERS *Page 1